**Charles E. BROOKS–BEY,**
**Petitioner-Appellant,**

v.

**William French SMITH, et al.,**
**Respondents-Appellees.**

**Nos. 84–3004, 85–2526.**

United States Court of Appeals,
Seventh Circuit.

Argued April 14, 1986.

Decided May 20, 1987.

Nancy Horgan, Carbondale, Ill., for petitioner-appellant.

Richard H. Lloyd, Asst. U.S. Atty., East St. Louis, Ill., for respondents-appellees.

Before POSNER, and FLAUM, Circuit Judges, and MAROVITZ, Senior District Judge.*

MAROVITZ, Senior District Judge.

These consolidated appeals from the denial of petitions for habeas corpus raise the question of whether Charles Brooks-Bey, now an inmate at the federal penitentiary at Marion, Illinois, was denied due process of law in a prison disciplinary proceeding while incarcerated at the federal penitentiary at Leavenworth, Kansas and thereby deprived of his liberty in violation of the fifth amendment.

D. Rardin, a correctional supervisor, delivered a copy of the incident report to Brooks-Bey on April 27, 1984. The incident report stated that:

"At approximately 6:30 P.M. on March 14, 1984 inmate FOX, Clarence # 01372–041 was murdered. His body was discovered by staff at approximately 8:20 PM in the shower on five gallery of ACH. Investigation reveals that inmate BROOKS was present and a participant in activities that culminated in the death of inmate FOX. Submission of this report was delayed due to the extensive investigations required."

The report also indicates that the reporting employee was O. Mowery, S.I.S. (Special Investigative Supervisor).

A hearing date was set and Brooks-Bey was informed in writing of his rights before the Institution Discipline Committee ("IDC") including his right to representation by a staff member. Brooks-Bey exercised his right to representation and H. Rathman was assigned as his staff representative.

An SIS lieutenant investigated the charges and wrote up the results of his investigation in a report that he submitted to the IDC. *See* 28 C.F.R. § 541.14. The investigative report prepared by the SIS lieutenant apparently contained confidential information and was not released to Brooks-Bey. The record is silent as to whether a copy of the investigative report was provided to H. Rathman, Brooks-Bey's staff representative. *See* 28 C.F.R. § 541.-14(b)(2).

On May 7, 1984, Brooks-Bey appeared before the IDC. Brooks-Bey was confronted with the charges against him and he denied the same. Five inmates appeared as witnesses on Brooks-Bey's behalf. In addition to the testimony of Brooks-Bey and his witnesses, the IDC considered the incident report and the investigative packet prepared by the SIS lieutenant. On the basis of the incident report and investigative packet Brooks-Bey was found guilty of the offense charged. The IDC's decision essentially repeats the incident report's description of the incident and then adds:

"Investigative packet by the SIS lieutenant was considered. The officer's statement and observation is more credible and believable than that of the inmate or witnesses, since the officer's observation was made strictly in the performance of his duty, without reason to make an untruthful statement. The statement (sic) of the witnesses was (sic) conflicting."

The IDC imposed a forfeiture of 620 days of statutory good time, ordered that Brooks-Bey be placed in disciplinary segregation for 60 days and recommended a disciplinary transfer.

Brooks-Bey's primary argument before this court is that his right to due process was violated by the alleged failure of the IDC to make specific findings of the evidence relied upon to find him guilty. Brooks-Bey also alleges that the IDC denied him due process by its failure to provide him with sufficient notice of the facts upon which the charge was based; the failure of the IDC to verify the reliability of the investigative report prepared by the

---

* The Honorable Abraham Lincoln Marovitz, Senior District Judge for the Northern District of Illinois, is sitting by designation.

SIS; the failure of the IDC to have someone other than the reporting officer act as the investigatory officer; the failure of the IDC to provide a copy of the investigative report to his staff representative; and the failure of the IDC to consider the charge against him separately from related charges against other inmates.

■ In *Jackson v. Carlson*, 707 F.2d 943 (7th Cir.1983), this court held that a deprivation of the statutory right under 18 U.S.C. § 4161 to good-time credits is a deprivation of liberty. *See also Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Therefore, the due process requirements of the Constitution must be complied with in any procedure that deprives a federal prison inmate of earned statutory good-time credits.

Brooks-Bey's first petition for a writ of habeas corpus was filed *pro se*. At the same time, Brooks-Bey filed a petition to proceed *in forma pauperis*. The district court dismissed the action upon a finding that the petition was frivolous within the meaning of 28 U.S.C. § 1915(d).

■ The district court treated Brooks-Bey's first petition as though its primary allegation was that the IDC's decision was not supported by substantial evidence. Brooks-Bey's first petition consisted of a form petition and an attached memorandum of law. It is well settled that *pro se* complaints must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Read together, it is clear that Brooks-Bey's primary argument was that the IDC had violated his due process rights by making insufficient findings of the specific evidence relied on to find him guilty.

The Supreme Court established certain due process minima in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Among these due process minima is the requirement "that there must be a 'written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action.'" *Id.*, at 564, 94 S.Ct. at 2978-79. The district court's findings that the IDC's decision was supported by substantial evidence does not adequately address the specific issue raised in the first petition. Therefore, this court orders that this action be remanded to the district court for further findings on the question of whether the IDC's statement of the specific evidence relied on was sufficient under the Due Process Clause.

The second petition, which is now before us as Case No. 85–2526, was filed by counsel after the notice of appeal had been filed in Case No. 84–3004. The second petition stated several specific grounds in support of relief. Magistrate Meyers dismissed the second petition pursuant to 28 U.S.C. § 2244(a).[1] When the original petition is considered by the district court on remand, the concerns raised by 28 U.S.C. § 2244(a) will no longer be a bar to the district court's consideration of the specific grounds alleged in the second petition. Therefore, the additional grounds for relief stated in the second petition should be considered by the district court on remand.

In summary, the rights which Brooks-Bey alleges were deprived him are those to which he is entitled under the law. However, although from the present state of the administrative record it appears that Brooks-Bey's due process rights were not adequately protected at the IDC hearing, this court expresses no opinion as to whether Brooks-Bey's rights were actually violated.[2] In sum, the judgment of the district

---

1. 28 U.S.C. § 2244(a) states that, "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new grounds not heretofore presented and determined, and the judge or court is satisfied that

the ends of justice will not be served by such inquiry."

2. We note with concern, however, the large number of petitions for writs of habeas corpus that are filed alleging a lack of due process in institutional disciplinary proceedings. We strongly encourage prison officials, especially officials who serve on institutional disciplinary committees, to continue every effort to comply with the due process minima outlined in *Wolff*,

court is reversed and the cause is remanded for further proceedings consistent with this opinion.

418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the decisions of this circuit, and the

Code of Federal Regulations.