**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2022*
Decided May 17, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2157

| | |
|---|---|
| ANTELMO JUAREZ, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of Indiana, South Bend Division. |
| | |
| *v.* | No. 3:19-cv-319 |
| | |
| DENNIS REAGLE, | Damon R. Leichty, |
| *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Antelmo Juarez, an Indiana prisoner, petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, seeking to overturn discipline that he received for his role in an inmate's death. The district court denied his petition, correctly reasoning that the disciplinary proceeding complied with due process; thus we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2010, the prison investigated the killing of an inmate. A conduct report concluded that "the direct actions of" Juarez "caused the injuries that contributed" to the death. Juarez was later charged in a prison disciplinary proceeding for his role. He received notice of the charge and waived his right to 24 hours' advance notice of his hearing date. At the hearing, he pleaded not guilty, declined to call witnesses, and asked only for the "camera evidence" of the incident. A hearing officer determined that allowing Juarez to view the camera's video recording "would jeopardize the security of the facility" because it "would provide the offender with knowledge of the security camera[']s capabilities." The hearing officer viewed and summarized the recording, noting that the camera was blocked for part of the incident.

Relying on evidence from an investigatory report, the officer found Juarez guilty. The evidence included blood on Juarez's shoes and statements from two witnesses who said they saw Juarez and his brother stab the victim. Juarez was sentenced to 30 days in segregation, 30 days of lost good-time credit, a demotion in credit-earning class, and enforcement of a previously suspended 30-day loss of good-time credit. (State authorities later charged Juarez's brother with murder. Under a plea deal, that charge was dismissed, and the brother pleaded guilty to possession of a deadly weapon.)

Nine years later, Juarez petitioned for a writ of habeas corpus. He argued that the one-year filing deadline under 28 U.S.C. § 2244(d)(1) did not apply because, he said, he was innocent. He relied on an affidavit from his brother confessing to the killing and the state's decision to prosecute his brother. Juarez also argued that the prison disciplined him without due process because he did not get to see the evidence against him and because, he says, a prison official tried to bribe a potential witness. The state objected to the petition. It explained why it did not disclose the evidence (a video recording from the incident, interviews of witnesses, and an unredacted investigatory report) when it asked the court to seal it from Juarez during the litigation. It stated that disclosure could harm prison safety, violate privacy rights, and reveal investigative and surveillance methods. Over Juarez's opposition, the district court sealed the evidence. It accepted the security rationale and, to address Juarez's belief that the evidence was insufficient, promised to review the materials to determine their sufficiency. It then denied Juarez's petition. It first observed that innocence is not a freestanding claim for relief. And, it continued, the due-process claim failed because some evidence (the bloody shoes and witness statements) supported the discipline, and no evidence suggested that the supposed bribery, which the would-be witness said occurred 10 months after the discipline, influenced the evidence before and decision of the hearing officer.

On appeal, Juarez primarily maintains that the prison imposed discipline without due process. The state responds with procedural defenses that we can bypass. First it argues that the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) blocks Juarez's petition. We have previously held that this one-year limitations period does not apply to challenges to prison discipline. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). The state urges us to reconsider *Cox*, but reconsideration is unnecessary because, as we are about to explain, Juarez loses on the merits. For the same reason, we need not address the state's defense that Juarez did not exhaust his administrative remedies. *See* 28 U.S.C. § 2254(b)(2); *Markham v. Clark*, 978 F.2d 993, 994–95 (7th Cir. 1992).

On the merits, Juarez argues that his due-process rights were violated because he did not have access to the video recording, adverse witnesses' statements, the investigatory report, and 24 hours' advance notice of the hearing date. He relies on *Brooks-Bey v. Smith*, 819 F.2d 178 (7th Cir. 1987), but that decision does not help him. It merely states that a district court must assess whether "the specific evidence relied on" for discipline "was sufficient under the Due Process Clause." *Id.* at 180. The district court did so here. It correctly observed that the blood stains found on Juarez's shoes immediately after the incident, combined with the two witnesses who reported that they saw Juarez stab the victim, was enough evidence to support the discipline. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 456–57 (1985). And neither the brother's acceptance of his role nor the alleged scheme to bribe someone *after* the discipline was imposed discounts the adequacy of the evidence of Juarez's misconduct.

Furthermore, for several reasons, Juarez's lack of access to the prison's evidence did not violate his right to due process. First, he had the right and opportunity, "consistent with institutional safety and correctional goals," *id.* at 454, to call his own witnesses and present available documents in his defense, but he chose not to. Second, on appeal Juarez does not counter the assertions of prison officials that disclosure of the prison's video recording to him posed a security threat and could reveal surveillance techniques. Thus, the withholding was justified even if, as he contends, it might have helped his case. *See id.* Third, the recording was, in fact, not exculpatory given the observed obstructions of the camera's view. The lack of exculpation further confirms that no due-process violation occurred. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011). Finally, Juarez's waiver of the 24 hours' advance notice of the hearing date, which he nonetheless received, also did not violate his right to due process. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1973).

Last, Juarez relies on *Schlup v. Delo*, 513 U.S. 298 (1995), to argue that his assertion of innocence justifies collateral relief. *Schlup* merely holds that actual innocence may excuse procedural default; because we have bypassed procedural defenses, the claim of actual innocence is immaterial, and no constitutional error otherwise occurred. *See Cal v. Garnett*, 991 F.3d 843, 850 (7th Cir. 2021); *cf. Schlup*, 513 U.S. at 315–16.

We have considered Juarez's other arguments, and none has merit.

AFFIRMED