In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1413

William Cox,

Petitioner-Appellant,

v.

Daniel McBride,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:00CV687AS--Allen Sharp, Judge.

Submitted December 18, 2001--Decided January 29, 2002


   Before Posner, Manion, and Rovner, Circuit Judges.

   Posner, Circuit Judge.  The plaintiff, a state prison inmate, was found guilty by a prison disciplinary board of assaulting a guard and was sentenced to lose two years' worth of good-time credits. His petition for federal habeas corpus was denied with prejudice as being time-barred. Denial was also based on his failure to have signed the petition, in violation of the first paragraph of 28 U.S.C. sec. 2242 and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, although it is unclear whether the district judge thought that such a failure would by itself have warranted dismissal with prejudice. It would not have. The only authorized remedy is for the judge to re turn the unsigned petition to the applicant. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts; see Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990); Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (per curiam); Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). If the applicant is obdurate in refusing to sign, the district court can dismiss the petition with prejudice, as in any other case of failure to prosecute, under Fed. R. Civ. P. 41(b) (which provides that dismissal

is with prejudice unless otherwise indicated by the court); see Oliver v. Gramley, 200 F.3d 465 (7th Cir. 1999); Ladien v. Astrachan, 128 F.3d 1051, 1056–57 (7th Cir. 1997); Angulo-Alvarez v. Aponte de la Torre, 170 F.3d 246, 252 (1st Cir. 1999); Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994); Nassau County Ass'n of Insurance Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151, 1154 (2d Cir. 1974). But there is no indication of obduracy here.

The judge thought the suit in any event barred by the one-year statute of limitations in 28 U.S.C. sec. 2244(d)(1) for filing a petition for habeas corpus. But that provision is limited to petitions filed by persons "in custody pursuant to the judgment of a State court," and a prison disciplinary board is not a court. It is true that Cox is in prison pursuant to the judgment of a state court; otherwise he would not be eligible for federal habeas corpus. See 28 U.S.C. sec. 2254(a); Felker v. Turpin, 518 U.S. 651, 662 (1996); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). But the custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the "judgment" not of a state court but of the prison disciplinary board. This distinction was embraced in the Walker case. Id. at 639; see also id. at 640 (dissent from denial of rehearing en banc).

The distinction between a state court and a state prison disciplinary board is well established in this circuit in cases dealing with several other provisions of the federal habeas corpus statute that use the word "court." White v. Indiana Parole Bd., 266 F.3d 759, 765-66 (7th Cir. 2001) (28 U.S.C. sec. 2254(d)); Walker v. O'Brien, supra, 216 F.3d at 637 (28 U.S.C. sec. 2253(c)(1)(A)). (Markham v. Clark, 978 F.2d 993, 994-95 (7th Cir. 1992), holds, it is true, that the requirement of exhaustion of state judicial remedies in 28 U.S.C. sec. 2254(b) requires exhaustion of administrative remedies, but our conclusion was based not only on the purpose of requiring exhaustion of remedies but also on the definition of "available procedure" in section 2254(c).) "Courts elsewhere do not ever

advert to the subject. For example, the eighth circuit has treated prison disciplinary boards as courts with no explanation, see Closs v. Weber, 238 F.3d 1018 (8th Cir. 2001)." White v. Indiana Parole Bd., supra, 266 F.3d at 766. In light of our cases, we are unwilling to interpret the word more broadly in section 2244(d)(1). Congress can and perhaps should amend the statute to bring petitions for habeas corpus that challenge prison discipline under the one-year (or some other definite) limitation, but unless and until it does so the only limitation is the equitable principle of laches codified in Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. See Lonchar v. Thomas, 517 U.S. 314, 325-27 (1996); Smith v. Duckworth, 910 F.2d 1492, 1494-95 (7th Cir. 1990); Clency v. Nagle, 60 F.3d 751, 753 (11th Cir. 1995). Unlike a statute of limitations, application of the doctrine of laches requires a showing that the petitioner's delay was not only unreasonable but also prejudicial to his opponent.

The respondent argues in the alternative that the petitioner failed to exhaust his administrative remedies. The record is insufficiently developed to enable us to evaluate the argument. The judgment is therefore vacated and the case remanded for further proceedings consistent with this opinion.

Vacated and Remanded.