**Carroll E. WADE, Petitioner–
Appellant,**

**v.**

**Dave ROBINSON, Warden,
Respondent–Appellee.**

**No. 01–7768.**

United States Court of Appeals,
Fourth Circuit.

Argued: Jan. 21, 2003.

Decided: April 22, 2003.

**ARGUED:** Christie Ann Leary, Greenspun & Mann, P.C., Fairfax, Virginia, for Appellant. William W. Muse, Assistant Attorney General, Division of Public Safety & Enforcement, Office Of The Attorney General, Richmond, Virginia, for Appellee. ON BRIEF: **ON BRIEF:** Jerry W. Kilgore, Attorney General, Division of Public Safety & Enforcement, Office Of The Attorney General, Richmond, Virginia, for Appellee.

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge WILLIAMS joined. Judge GREGORY wrote a concurring opinion.

## OPINION

LUTTIG, Circuit Judge:

Petitioner Wade appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Wade contends first that section 2244(d)(1) does not apply to his petition, which challenges the state's rescindment of his good conduct credits upon his parole revocation, because his is not a challenge to a state court judgment, and because, he argues, he is not in custody pursuant to a state court judgment. Alternatively, Wade contends that the district court misapplied section 2244(d)(1).

Although the district court did misapply section 2244(d)(1), Wade's first contention is without merit, and his petition is still untimely under a correct calculation of the limitation period. Accordingly, we affirm.

I.

Wade was convicted of burglary and cocaine possession on June 17, 1994, and he

was thereafter sentenced to eighty-four months of imprisonment, forty-five of which were suspended. In January 1996, Wade was released on supervised parole. He was found guilty of parole violations by the Virginia Parole Board on April 3, 1997 and his parole was revoked. Wade filed a state habeas petition on February 12, 1998, challenging, as in violation of the Ex Post Facto Clause, section 53.1–159 of the Virginia Code, which denies re-incarcerated parole violators the benefit of previously accrued good conduct credits.[1] The Virginia court denied his petition on June 30, 2000.

On June 29, 2001, Wade filed a habeas petition in federal district court under 28 U.S.C. § 2254 asserting the same constitutional claim as was denied by the state court. The district court dismissed Wade's petition, concluding that it was untimely filed under the limitation period that governs habeas petitions challenging custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). In particular, the district court rested its judgment on section 2244(d)(1)(A). It reasoned that under subparagraph (A), subpart (1)'s one-year limitation began to run on May 3, 1997, the last day Wade could have directly appealed his parole revocation. Calculating that the limitation period was tolled from February 12, 1988 (the date Wade filed his state habeas petition), to June 30, 2000 (the date that petition was denied), the court concluded that the filing period expired in September 2000, ten months before Wade filed his federal petition. Wade timely noted an appeal.

## II.

As a preliminary jurisdictional matter, appeal of a district court's dismissal of a section 2254 habeas petition may not be brought before this court unless a Certificate of Appealability issues. *See* 28 U.S.C. § 2253(c). In this case, Judge Gregory, acting as a single circuit judge, granted a Certificate of Appealability, thus providing us with jurisdiction to address Wade's petition.

## III.

### A.

On appeal, Wade contends first that section 2244(d)(1) does not apply to him at all. He contends that that section, by its plain language, only governs habeas petitions (1) brought by persons who are in custody pursuant to a state court judgment, and (2) which directly challenge a state court judgment. And he argues that he is not in custody pursuant to a state court judgment and that his petition does not challenge a state court judgment. *See* Petitioner's Br. at 10 (arguing that Wade is "in custody pursuant to a decision by the Virginia Parole Board," not pursuant to a judgment of a state court); Petitioner's Reply Br. at 3 ("A plain reading of § 2244(d)(1) makes that limitation period applicable to challenges of state court judgments alone.").

Section 2244(d)(1) of Title 28 of the United States Code, imposes the following limitation on federal habeas claims:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court....

---

1. Wade claims that he filed his petition on February 12, 1998, when he gave the petition to prison officials for mailing. The Virginia court never received this original filing, however, so Wade refiled his petition on December 29, 1999. For purposes of this appeal, we assume that Wade did give prison officials his filing for mailing on February 12, 1998.

28 U.S.C. § 2244(d)(1). Thus, any "person in custody pursuant to the judgment of a State court," and who brings an application for a writ of habeas corpus, is subject to the "1–year period of limitation."

■ Wade's first argument, that he is in custody pursuant to an order of the Virginia Parole Board, not a judgment of a state court, misses the point. Most immediately Wade does find himself, in common parlance, in custody by virtue of the parole board's decision to revoke his parole. But he still is, and remains, in custody pursuant to his 1994 conviction and sentence. That is, he is in custody pursuant to a state court judgment within the meaning of section 2244(d)(1), even if he *also* is in custody pursuant to the judgment of a state executive agency.

■ Wade's second contention, that section 2244(d)(1) only applies to habeas petitions that actually challenge state court judgments, also fails. The section's plain language reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments. The section does not distinguish based on the contents of a petitioner's claim, but encompasses all "application[s] for writ of habeas corpus." Here, Wade, a person in custody pursuant to a state court judgment, applied for a writ of habeas corpus, and the section, together with its 1–year limitation, governs.

Section 2244(d)(1) is not alone in not distinguishing among habeas claims that challenge state court judgments and those that challenge another aspect of custody.

As section 2254 makes clear, the defining feature of a state prisoner's habeas claim is that it presents a challenge to his *custody.*

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only *on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added). Section 2244(d)(1), governing "application[s] for a writ of habeas corpus," applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment.[2]

■ Wade next argues that even if section 2244(d)(1)'s text does not compel his interpretation, subparagraph (A) of the section does.

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

**2.** Examples abound of habeas claims that challenge an aspect of custody, but do not challenge the state court judgment pursuant to which the petitioner is in custody. *See, e.g., California Dept. of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (deciding a federal habeas challenge to the state's deferment of petitioner's parole hearing); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (concluding that prisoners can bring federal habeas challenge to the state's revocation of their good time credits); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (deciding a federal habeas challenge to the state parole board's revocation of petitioner's parole).

the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Wade's reading, that subparagraph (A) implicitly limits the reach of subpart (1), is not plausible. Subpart (1) is a self-contained provision which, in clear, unequivocal language, sets forth a 1–year limitation period for all habeas challenges filed by persons held in custody pursuant to state court judgment. Neither subparagraph (A) nor any of the paragraph's other subparagraphs can plausibly be understood to limit the reach of this subpart to only petitions that challenge the state court judgment pursuant to which the petitioner is in custody. These subparagraphs merely identify the date from which the 1–year limitation period applicable to all who are in custody pursuant to state court judgment will begin to run. They do not serve to further limit the class of persons as to whom the 1–year limitation applies.[3]

Because section 2244(d)(1) contains no restriction limiting its reach to habeas claims challenging state court judgments, and because its subparagraphs neither necessitate nor even imply such a restriction, we conclude that section 2244(d)(1) "appl[ies] to [Wade's] application for a writ of habeas corpus [since he is] a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1).

## B.

    ■ In applying section 2244(d)(1) to Wade's petition, the district court concluded that subparagraph (A) governed, and it identified the start of the limitation period as the date the Virginia Parole Board decision became final. Wade argues the court erred because subparagraph (A) refers to the date on which a *state court* judgment becomes final. Because the Virginia Parole Board is an *executive* agency, he reasons the date of its judgment cannot trigger the limitation period under subparagraph (A). We agree with Wade. Subparagraph (A), referencing "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," plainly references "the judgment" referred to in the preceding subpart (1)—that is, the state court judgment pursuant to which the petitioner is in custody.

    ■ Wade next argues that proper application of section 2244(d)(1)(A) compels the conclusion that the date the state court rejected his state habeas petition, which also challenged his loss of good time credits, is the date the limitation period began. This date was June 30, 2000, so he argues his filing was timely by one day.

    ■ We can reject Wade's analysis out of hand, having established that subparagraph (A) references the judgment of a State court *pursuant to which the petition-*

---

**3.** Indeed, subparagraphs (A), (B), and (D) set forth criteria for calculating limitation periods that are as applicable to claims that do not challenge state court judgments as to claims that do. And subparagraph (C), in fact, *only* governs the former. When the Supreme Court articulates a new rule of constitutional law and that rule is retroactively applicable, habeas petitions brought on that rule do not challenge state court judgments as wrongly decided.

*er is in custody.*[4] Subparagraph (A) must reference the date Wade's 1994 conviction became final.[5] This date, of course, is not necessarily the date the limitation period began. Section 2244(d)(1) provides that "the limitation period shall run from *the latest of*" four different dates, defined by subparagraphs (A), (B), (C), and (D). Neither party suggests that either subparagraph (B) or (C) implicates an applicable date. The question, therefore, is only whether the date applicable under subparagraph (D) is later than that applicable under subparagraph (A).

Subparagraph (D), by referencing the date on which the factual predicate of Wade's claim could have been discovered through the exercise of due diligence, references the date that Wade's parole revocation became final. On that date, Wade's good conduct credits were rescinded by operation of law, and on that date Wade could have discovered through public sources that such had occurred. This date apparently came later than the date yielded by operation of subparagraph (A), the date on which the state court rendered final judgment as to Wade's 1994 conviction, so subparagraph (D) governs here. Thus, the district court erred by applying section 2244(d)(1)(A) to Wade's petition. It should have instead applied section 2244(d)(1)(D).

However, although the district court erred, its ultimate judgment was correct. It calculated the statute of limitations, though ostensibly under subparagraph (A), from the applicable date under section 2244(d)(1)(D), the date Wade's parole revocation became final. The court correctly reasoned that the one-year limitation, having begun to run on May 3, 1997, expired before Wade filed his petition, and, therefore, dismissal was ultimately proper.

### CONCLUSION

The judgment of the district court is thus affirmed.

*AFFIRMED.*

GREGORY, Circuit Judge, concurring:

#### I.

I concur with the majority's conclusion on the merits that pursuant to 28 U.S.C. § 2244(d)(1)(D), Wade's petition for writ of habeas corpus must be dismissed as untimely. The majority suggests, however, that absent my vote it would not have granted a Certificate of Appealability ("COA") to consider this procedural issue. *See ante,* at 330 (commenting that, "Judge Gregory, acting as a single circuit judge, granted a Certificate of Appealability, thus providing us with jurisdiction to address Wade's petition"). Accordingly, I write separately to explain my decision to grant a COA in this matter.

#### II.

The Supreme Court has recently explained that while "the issuance of a COA must not be *pro forma* or a matter of course," "[w]e do not require a petitioner to prove, before the issuance of a COA,

---

**4.** Judgments in collateral habeas corpus actions do not establish custody. For that reason, although a state court denies habeas relief on a collateral challenge to a conviction, federal courts do not look to the date of the state court's denial of habeas relief as the date on which the custody judgment becomes final, but, rather, to the date the conviction is affirmed on direct review.

**5.** Had Wade appealed his parole revocation in the state courts, as he could have, then arguably that decision would constitute a state court judgment pursuant to which he was in custody as well. As it is, though, he did not appeal his parole revocation in the state courts.

that some jurists would grant the petition for habeas corpus" on the merits. *Miller-El v. Cockrell,* —— U.S. ——, 123 S.Ct. 1029, 1040, 154 L.Ed.2d 931 (2003). "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

Carroll E. Wade's petition was denied in the district court on procedural grounds. Therefore, to obtain appellate review of the denial of his petition, Wade first must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right...." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Secondly, he must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Because Wade easily satisfies his burden as to both questions, a COA has been granted.

### A.

The substance of Wade's constitutional claim is that he suffered a denial of his procedural Due Process rights when the Virginia Parole Board revoked his parole and accrued good time credits. As Wade explained in a letter submitted to the Virginia Department of Corrections on March 20, 2000, "I was informed by my counselor [in the prison facility] that I was scheduled to have a final parole revocation hearing. However, I was not afforded this hearing nor did I refuse to be present at the hearing. Subsequent to the previously stated fact, I received a letter from the parole board of their [sic] decision to revoke my parole status." (J.A. at 20.)

It is well-established that "the minimum requirements of due process" for a parole revocation proceeding include the "opportunity to be heard in person and to present witnesses and documentary evidence," as well as "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)...." *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, 488–89 (1972). Because the documentary evidence contained in the record suggests that these rights might not have been respected, Wade has successfully cleared the first hurdle toward the issuance of a COA.

### B.

Having stated a claim alleging the denial of a constitutional right, Wade must now establish "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484, 120 S.Ct. 1595. The procedural question in this case involves an issue of first impression in this Circuit: whether the limitations period prescribed in 28 U.S.C. § 2244(d)(1) applies to petitions challenging administrative agency decisions. Addressing this same issue, the Fifth Circuit has concluded, based on a plain reading of the statute, that § 2244(d)(1) "literally applies" to petitions contesting the outcome of prison disciplinary proceedings. *Kimbrell v. Cockrell,* 311 F.3d 361, 363 (5th Cir.2002). Judges Posner and Easterbrook, however, writing for the Seventh Circuit, have relied on principles of federalism and comity among the States, embodied in the Full Faith and Credit Clause and 28 U.S.C. § 1738, to reach a contrary result. *See Cox v. McBride,* 279 F.3d 492 (7th Cir.2002); *White v. Indiana Parole Board,* 266 F.3d 759, 766 (7th Cir.2001).

Like the majority, I find the reasoning of the Fifth Circuit to be ultimately more persuasive. However, in order for a COA to issue, Wade need not show that the Seventh Circuit's approach is correct.

Rather, he simply needs to establish that "reasonable jurists *could debate* whether ... the petition should have been resolved in a different manner...." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (emphasis added). Because reasonable jurists from two of our sister circuits have *actually* disagreed as to the resolution of this issue of statutory construction, Wade obviously has met his burden on the second prong of *Slack*. Accordingly, there can be no doubt that a COA must issue.