Eric V. SHELBY, Petitioner–Appellant,

v.

James BARTLETT, Warden; Brian Superintendant of Oregon State Penitentiary, Superintendent, Respondents–Appellees.

No. 03–35847.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Filed Dec. 13, 2004.

Anthony D. Bornstein, Assistant Federal Public Defender, for the petitioner/appellant.

Carolyn Alexander, Assistant Attorney General, Salem, OR, for the respondents/appellees.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

TROTT, Circuit Judge:

This appeal raises the issue of whether the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1) applies to a 28 U.S.C. § 2254 habeas corpus petition challenging a state prison administrative disciplinary decision. Eric Shelby admits that § 2244's limitation period applies to habeas petitions challenging state court judgments, but he argues that the limitation period does not apply to petitions challenging prison administrative disciplinary decisions. We disagree. We hold that § 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the petition challenges an administrative decision rather than a state court judgment.

## BACKGROUND

Shelby is an inmate in the custody of the Oregon Department of Corrections. Following a prison disciplinary hearing, the Department of Corrections found Shelby in violation of institutional rules and imposed a sanction of (1) sixty days in disciplinary segregation, (2) the loss of 100 days of "statutory good time," and (3) a $200 fine. Shelby sought administrative review of that decision on July 3, 2001. The reviewing official denied the administrative appeal on July 12, 2001.

On January 9, 2003, roughly one year and one-half after the denial of his appeal, Shelby filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition claims that the disciplinary order violated his due process rights under the United States Constitution. More specifically, the hand-written, pro se petition contends that:

> The challenged disciplinary order and resulting retraction of statutory good time credits deprives petitioner of due process of law because: (1) the challenged order is not supported by reliable and sufficient evidence in violation of the "some evidence" rule; and (2) the Hearings Officer refused to conduct an investigation, depriving petitioner of the ability to prepare and present a defense to the charged misconduct.

The district court dismissed the petition as untimely due to Shelby's failure to comply with the one-year limitation period set

forth in 28 U.S.C. § 2244(d)(1)(D). Shelby appeals. We affirm.

## STANDARD OF REVIEW

█ We review de novo the district court's dismissal of a state prisoner's federal habeas corpus petition on statute of limitations grounds. *Malcom v. Payne*, 281 F.3d 951, 955–56(9th Cir.2002).

## DISCUSSION

### A. One–Year Limitation Period

In our circuit, whether the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period applies to 28 U.S.C. § 2254 habeas petitions contesting administrative decisions, such as Shelby's prison disciplinary proceeding, is an issue of first impression. The Second, Fourth, and Fifth Circuits have each held that the limitation period applies to § 2254 petitions challenging administrative decisions. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2nd Cir.2003); *Wade v. Robinson*, 327 F.3d 328, 331–32 (4th Cir.2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir.2002). To the contrary, the Seventh Circuit has held that the limitation period applies to petitions contesting the judgment of a state court, but not to petitions contesting administrative decisions. *Cox. v. McBride*, 279 F.3d 492, 493–94 (7th Cir.2002).

Notably, we recently assumed without deciding that § 2244's one-year limitation period applied to a habeas petition challenging an administrative decision in the context of a parole board determination. *Redd v. McGrath*, 343 F.3d 1077, 1080 n. 4 (9th Cir.2003). In *Redd*, the petitioner argued that the limitation period did not apply to petitions challenging administrative decisions. *Id.* The petitioner conceded at oral argument, however, that the limitation period applied. *Id.* We therefore did not address the issue and "assume[d] that

AEDPA's one-year statute of limitation applie[d]." *Id.*

█ We now join the Second, Fourth, and Fifth Circuits and hold that § 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment. This interpretation is consistent with (1) the plain language of the statute, (2) the rules of statutory construction, and (3) the purposes of the AEDPA.

█ Shelby filed his habeas petition under § 2254, which provides that a court "shall entertain an application for a writ of habeas corpus in behalf of *a person in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). To determine whether a petition is properly filed under § 2254, we ask whether the petitioner is "in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir.2004). This is a "status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge." *Id.* at 1007–08. Under this status inquiry, we held in *White* that " § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, *even when the petitioner is not challenging his underlying state court conviction.*" *Id.* at 1009–10 (emphasis added). We specifically held that § 2254 is the "exclusive vehicle" for bringing a habeas petition challenging administrative decisions. *Id.* (finding that 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241, is the proper jurisdictional basis for a challenge to an adminis-

trative decision ordering a prison transfer).

Despite the fact that he brings his petition under § 2254 as "a person in custody pursuant to the judgment of a State court," Shelby argues that § 2244's one-year limitation period does not apply to him because he challenges a prison disciplinary proceeding rather than "the judgment of a State court." Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus *by a person in custody pursuant to the judgment of a State court.* The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (emphasis added).

Shelby argues that the language of § 2244(d)(1) limits the one-year limitation period to petitions challenging "the judgment of a State court." Shelby claims to be challenging the custody imposed by the Department of Corrections. That custody, he argues, stems from the judgment not of a State court, but of a prison disciplinary board. However, the limitation period in § 2244 on its face is not limited to petitions challenging a state court judgment. Rather, as recently recognized by the Fourth Circuit, "[t]he section's plain language reaches any and every habeas petition filed by persons who are in custody pursuant to state court judgments. The section does not distinguish based on the contents of a petitioner's claim, but encompasses all 'application[s] for writ of habeas corpus.' " *Wade,* 327 F.3d at 331 (alteration in original); *see also Cook,* 321 F.3d at 280 (holding that § 2244's limitation period "seems plainly applicable to [petitioner's] application because he is, indeed, 'a person in custody pursuant to the judgment of a State court' "); *Kimbrell,* 311 F.3d at 363.

■ The conclusion that § 2244(d)(1)'s one-year limitation period applies to all petitions filed by persons in custody pursuant to the judgment of a state court—not just persons contesting the underlying state court judgment—is consistent also with the rules of statutory construction. We must "interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.,* 942 F.2d 1427, 1432 (9th Cir.1991). "We must presume that words used more than once in the same statute have the same meaning." *Id.*

Shelby's interpretation would result in two different meanings of the phrase "person in custody pursuant to the judgment of a State court" within the AEDPA. A petition challenging administrative decisions would be brought by a "person in custody pursuant to the judgment of a State court" for purposes of habeas jurisdiction, but would not be brought by a "person in custody pursuant to the judgment of a

State court" for purposes of the limitation period. *See Cook,* 321 F.3d at 280 ("The section 2244 time limitation and section 2254 both apply, in identical terms, to 'an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.' ... It follows that both apply to [petitioner's] section 2254 application.").

The interpretation adopted by the Second, Fourth, and Fifth Circuits, in addition to being consistent with the plain language of the statute and rules of statutory construction, is consistent with the purposes of the AEDPA. The Supreme Court has recognized that " § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker,* 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). It "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Id.*

Shelby's interpretation, on the other hand, is inconsistent with the AEDPA's purpose of furthering the principles of comity, finality, and federalism. *See id.* at 178, 121 S.Ct. 2120 (concluding that a federal habeas petition is not an "application for State post-conviction or other collateral review," within the meaning of the AEDPA tolling provision, reasoning that "[c]onsideration of the competing constructions in light of AEDPA's purposes [to further the principles of comity, finality, and federalism] reinforces the conclusion that we draw from the text"). Under Shelby's interpretation, a person in custody pursuant to a state court judgment, but challenging an administrative decision, would have an unlimited time in which to file his habeas petition, thus hindering the finality principle.

The Seventh Circuit, in *Cox,* 279 F.3d at 493–94, adopted Shelby's interpretation of

§ 2244. There, Judge Posner erroneously concluded:

> [Section 2244(d)(1)] is limited to petitions filed by persons "in custody pursuant to the judgment of a State court," and a prison disciplinary board is not a court. It is true that Cox is in prison pursuant to the judgment of a state court; otherwise he would not be eligible for federal habeas corpus. *See* 28 U.S.C. § 2254(a).... But the custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the "judgment" not of a state court but of the prison disciplinary board.

*Id.* at 493.

We find this strained interpretation unpersuasive because, as explained above, it is inconsistent with (1) the plain meaning of the statutory language, (2) the rules of statutory construction, and (3) the purposes of the AEDPA. The § 2244(d)(1) limitation period is not limited to petitions challenging the judgment of a state court. It applies to all petitions filed by a "person in custody pursuant to the judgment of a State court." Shelby "is in custody pursuant to a state court judgment within the meaning of § 2244(d)(1), even if he *also* is in custody pursuant to the judgment of a state executive agency." *Wade,* 327 F.3d at 331.

## B. Application

Having concluded that § 2244's one-year limitation period applies to habeas petitions challenging administrative decisions, the only remaining question is whether Shelby's petition challenging the prison disciplinary proceeding is time barred. Shelby's administrative appeal was denied on July 12, 2001. The district court found that "[i]t is undisputed that the disciplinary decision became final on

July 12, 2001," and that, accordingly, "petitioner had until July 12, 2002, to file his habeas petition." Now, Shelby argues that "should this Court find that the statute of limitations covers the instant [petition], the case should be remanded for findings of fact pertaining to the date that Mr. Shelby did or could have discovered the date of the agency's final action."

In *Redd*, we assumed, without deciding, that § 2244's limitation period applies to petitions challenging administrative decisions, but we instructed that § 2244(d)(1)(D)—rather than subsection (A)—would apply to habeas petitions that challenge administrative bodies such as parole and disciplinary boards. 343 F.3d at 1081–83. Under subsection (D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In *Redd*, the factual basis of the habeas petition was the parole board's denial of Redd's administrative appeal. *Id.* at 1082. Noting that Redd "[did] not dispute that he received notice of the Board's decision on December 7," we held that the statute of limitations began running the next day. *Id.; see also Burger*, 317 F.3d at 1138 (concluding that the "limitations period beg[an] on February 17, 1999, the undisputed date Burger learned of the change in his parole reconsideration date").

Here, as in *Redd*, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day. Because Shelby did not file his habeas petition until

January 9, 2003, almost six months after the limitation period ran, we conclude that Shelby's petition is time barred.[1]

## CONCLUSION

We conclude that § 2244's one-year limitation period applies to all petitions filed by persons "in custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. This interpretation is consistent with the plain language of the statute, the rules of statutory construction, and the purposes of the AEDPA. Shelby's habeas petition is time barred because he did not file it within the one-year limitation period.

**AFFIRMED.**

---

1. The government argues, in the alternative, that Shelby has not exhausted his state court remedies because he failed to pursue relief in state court by way of a writ of mandamus. *See* 28 U.S.C. § 2254(b)(1); *Osborne v. Cook*, 185 Or.App. 317, 59 P.3d 531, 533–34 (Or.Ct.App.2002). Because we conclude that Shelby's habeas petition is time barred, we need not address this issue.