**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0429n.06**
**Filed: June 22, 2006**

**No. 05-5166**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WILLIAM G. ALLEN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| QUINTEN WHITE, Commissioner, | ) | MIDDLE DISTRICT OF TENNESSEE |
| Tennessee Department of Corrections; RICKY | ) | |
| J. BELL, Warden, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

Before: BOGGS, Chief Judge; MOORE, and COOK, Circuit Judges.

PER CURIAM. William G. Allen, a Tennessee inmate proceeding pro se, appeals the district court's determination that his petition for a writ of habeas corpus is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). We affirm the judgment of the district court.

I

Allen's petition challenges the Tennessee Department of Corrections's ("TDOC's") calculation of sentence credits due him after serving more than 35 years of his 99-year sentence for murdering a police officer. When Allen was sentenced, Tennessee's law allowed inmates to earn such credits for good behavior and for maintaining honor-grade status known as "good and honor

time " credits. Tenn. Code Ann. ("T.C.A.") §§ 41-332 and -334 (1955). In 1980, Tennessee enacted a new sentence credit scheme effective July 1, 1981. Under this revised scheme, previously earned "good and honor time" credits would be carried over, but no future "good and honor time" credits could be earned. Instead, inmates could only earn sentence credits in accordance with the new scheme, known as "good conduct" sentence credits.

The procedural history relevant to this appeal began by Allen filing a request for an administrative declaratory order that the TDOC erred by denying him double sentencing credits under both the current "good conduct" scheme and the former "good and honor time" scheme. The TDOC denied Allen's request to correct the "omission" of credits. The following month Allen sought chancery court review of this decision. The chancery court granted the TDOC's motion for summary judgment, after which Allen appealed to the Tennessee Court of Appeals. The Court of Appeals denied Allen's appeal, and the Tennessee Supreme Court denied Allen's application for permission to appeal on June 24, 2002.

II

On February 11, 2003, having exhausted his state-court remedies, Allen filed a 28 U.S.C. § 2254 habeas corpus petition arguing that the TDOC's application of the sentence credit statutes violated the Ex Post Facto Clause and his rights under the Fifth and Fourteenth Amendments.

The district court dismissed Allen's petition as time barred, determining the starting date for the one-year statute of limitations under §2244(d)(1) to be AEPDA's effective date, April 24, 1996.

*See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). The court specifically rejected Allen's argument that the TDOC's denial of his request for an administrative declaratory order on February 15, 2000, constituted the factual predicate for his claims under § 2244(d)(1)(D). Rather, it held, the factual predicate was provided by the passage of the 1980 statute. This having occurred long before AEPDA's enactment, § 2244(d)(1)(D) did not apply and Allen's failure to file his petition within the year following AEDPA's enactment barred his claims. The district court granted the TDOC's motion to dismiss and refused to issue a certificate of appealability ("COA").

On reconsideration, the court granted a COA on the following issues: "1) whether the Court erred by not construing petitioner's § 2254 habeas petition as a § 2241 habeas petition; and 2) whether the court applied the wrong standard of review when determining petitioner's habeas petition was time barred." (J.A. at 131.)

### III

This court reviews de novo the district court's dismissal of Allen's habeas petition as barred by AEDPA's statute of limitations. *Stegall*, 295 F.3d at 519.

### A.

We review first "whether the district court erred by not construing petitioner's § 2254 habeas petition as a § 2241 habeas petition." In his motion seeking reconsideration of the COA denial, Allen contended that "he should have invoked 28 U.S.C. § 2241 as the basis for his petition because

that is the proper section for challenging the manner in which his sentence is executed," and further that the "court made a mistake in not recognizing this and converting the petition to § 2241." (J.A. at 104.) But because nothing requires courts to convert § 2254 petitions to petitions under § 2241, Allen fails to articulate a tenable claim. His argument seems to stem from confusion about the differing collateral relief available to federal and state prisoners.

Courts interpret § 2241 as the statutory grant of authority to issue habeas writs, and § 2254 as implementing that authority with respect to state prisoners. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) ("Although the text of either statute would appear to confer jurisdiction . . . Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court . . . ." (citation and quotation marks omitted) (emphasis in original)); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("Section 2254(a) is more in the nature of a limitation on authority than a grant of authority. . . . [It] merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply. In sum, § 2254 is not an independent and additional post-conviction remedy for state prisoners; there is but a single remedy, the writ of habeas corpus.").

On the other hand, § 2255 governs collateral attacks by federal prisoners ("prisoner[s] in custody under sentence of a court established by Act of Congress") seeking to be released on the ground that "the[ir] sentence was imposed" unlawfully.[1] It does not apply to state prisoners, or to

---

[1]In rare cases where § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention" a federal prisoner may challenge the imposition of his conviction or sentence under §

federal prisoners challenging the execution of their sentences—*i.e.*, the manner in which their sentences are served. Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under § 2241.

The same is not true of state prisoners who proceed under § 2254, because § 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may *ever* proceed under § 2241. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence . . . under section 2254. A petition under section 2241 is therefore unavailable to him." (footnote omitted)). This circuit has allowed state prisoners to proceed under § 2241, but subject to the restrictions imposed by § 2254. *See Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) ("'[W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case.'" (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (second modification in original))); *see also Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) ("Because there is a single habeas corpus remedy for those imprisoned pursuant to a State court judgment (authorized by § 2241 but subject to all of the restrictions of § 2254), and because one of those restrictions is the one-year statute of limitations set out in § 2244(d), it follows that the

---

2241. *U.S. v. Peterman*, 249 F.3d, 458, 461 (6th Cir. 2001) (quotation marks omitted); 28 U.S.C. § 2255.

one-year statute of limitations applies to Peoples' [§2241] petition." (internal citations omitted)). We thus reject Allen's claim of judicial error in failing to treat *his* § 2254 petition as one filed under § 2241. In light of the serious question whether a state prisoner *may* proceed under § 2241, there is no reason to think that a state prisoner (like Allen) *must* proceed under § 2241, or, a fortiori, that a court commits error by not converting a petition under § 2254 into one under § 2241. Even if converted, the petition would be untimely under the one-year statute of limitations, and any alleged error would be harmless.

B.

We next examine the other certified issue—"whether the court applied the wrong standard of review when determining petitioner's habeas petition was time barred"— beginning with the district court's articulation of it. The section of the district court's memorandum discussing this issue tells us that despite employing the phrase, "standard of review," the court refers to the *legal rule* that governs the timeliness of Allen's petition. Specifically, the court certified the question whether to apply the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) instead of the equitable principle of laches, as the Seventh Circuit did in *Cox v. McBride*, 279 F.3d 492 (7th Cir. 2002).

The most natural reading of the statute is that the one-year statute of limitations, rather than the equitable principle of laches, governs the timeliness of Allen's petition. Sections 2254(a) and 2244(d)(1) each concern petitions by "a person in custody pursuant to the judgment of a State court."

Because § 2254 governs Allen's petition, so too should § 2244(d)(1). *See Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004).

*Cox* held otherwise. The petitioner there challenged the decision of a prison disciplinary board revoking two years' worth of his good-time credits. The court held that because the custody he was challenging was "the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board," § 2244(d)(1) did not apply and timeliness was to be judged according to the equitable principle of laches. 279 F.3d at 493. Allen piggy-backs on this reasoning to avoid the one-year statute of limitations in this case.

*Cox*, however, reasoned from a Seventh Circuit precedent that this court has refused to follow. *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), held that prisoners who appeal adverse decisions in actions based on prison disciplinary proceedings do not need certificates of appealability under § 2253(c)(1)(A) because such "collateral attacks do not concern a 'proceeding in which the detention complained of arises out of process issued by a State court.'" *Walker*, 216 F.3d at 640 (dissent from denial of rehearing en banc) (quoting 28 U.S.C. § 2253(c)(1)(A)). In *Cox*, one of the *Walker* dissenters applied this logic to § 2244(d)(1).

The Sixth Circuit rejected *Walker*'s conclusion that challenges to prison disciplinary proceedings are exempt from § 2253(c)(1)(A)'s requirement of a certificate of appealability. *Greene*, 265 F.3d at 372. In *Greene*, as in this case, the prisoner appealed an adverse decision by the district court in a challenge to the TDOC's calculation of his sentencing credits. The panel followed the

Tenth Circuit in *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000), and held § 2253(c)(1)(A)'s requirement of a certificate of appealability applicable. Because *Walker*'s holding provided the only basis for *Cox*'s (perhaps begrudging) conclusion that the one-year statute of limitations did not apply to such prisoners, and because this Circuit expressly rejected *Walker*, we see no reason to follow *Cox*.[2]

We hold that the district court did not err by applying § 2244(d)(1)'s one-year statute of limitations to Allen's petition.

C.

Though the parties briefed whether the district court correctly applied § 2244(d)(1)'s one-year statute of limitations, no certification supports our review of that question.

The analysis section of the court's memorandum responding to Allen's Motion to Reconsider, Alter and Amend Judgment included four subsections, entitled, (1) "Whether the Court Erred by Not Construing Petitioner's § 2254 Habeas Petition as a § 2241 Habeas Petition;" (2) "Whether the Court Applied the Wrong Standard of Review When Determining Petitioner's Habeas Petition was Time Barred;" (3) "Whether the Court Relied on Improper Authority to Determine the Starting Date of the Statute of Limitations for Petitioner's Habeas Claims;" and (4) "Whether the Court Erroneously

---

[2]*Cox*'s holding differs from the rule in other circuits. *See, e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004); *Wade v. Robinson*, 327 F.3d 328 (4th Cir. 2003); *Cook*, 321 F.3d 274 (2d Cir. 2003)*; Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002).

Refused to Consider the Cognizable Federal Claims in Petitioner's Habeas Petition." The court

word-for-word certified only the questions addressed in the first two subsections; the discussion of

the appropriate date to commence the statute of limitations appears only in the third. We thus, in the

absence of certification, have no warrant to consider the issue.

IV

We affirm the judgment of the district court.

**KAREN NELSON MOORE, Circuit Judge, concurs in the judgment only.**