Mastin Eugene TAYLOR,
Petitioner–Appellant,

v.

Sharon BLACKETTER, Respondent–
Appellee.

No. 05–35954.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 18, 2006.

Stephen A. Lipton, Esq., Attorney at
Law, Salem, OR, for Petitioner–Appellant.

Lynn David Larsen, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: FERGUSON, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Mastin Taylor appeals the district court's dismissal of his habeas petition as time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Taylor's petition alleged that the Oregon Board of Parole and Post–Prison Supervision (Board) lost authority over him in 1995 and that his continued detention pursuant to one of its orders therefore violates his federal constitutional rights. He argues his petition was timely filed under § 2244(d)(1), and that even if it was not, he is entitled to equitable tolling of AEDPA's one-year statute of limitations. We review these claims de novo. *See Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). We reject both arguments and affirm the district court's dismissal of Taylor's habeas petition. Also, because the documents that Taylor seeks to introduce into the record on appeal are not necessary to our disposition of this case, we deny Taylor's motion to expand the record.

■ A petitioner with a state conviction that became final before the effective date of AEDPA had until April 23, 1997 to file a timely federal habeas petition. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999). AEDPA's "one-year limitation pe-

riod applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment." *Shelby v. Bartlett,* 391 F.3d 1061, 1063 (9th Cir.2004) (citing 28 U.S.C. § 2244(d)(1)). The administrative action Taylor seeks to challenge here was issued on May 19, 1995 but was not challenged by Taylor until his November 22, 2002 "delayed request for administrative review," which the Board denied in 2003. Under § 2244(d)(1)(A), the statute of limitations begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Oregon Administrative Rule 255–80–005 requires that administrative review of Board orders be sought by written request within 45 days of the date of an order. Thus, the administrative action at issue here was "final" before AEDPA became effective, and Taylor's habeas petition should have been filed by April 23, 1997.

■ Neither the Board's 2003 denial of Taylor's delayed request for administrative review of its decision to extend Taylor's parole nor the Board's last revocation of Taylor's parole in 2001 is a "factual predicate" of Taylor's habeas claim for the purpose of triggering AEDPA's statute of limitations under § 2244(d)(1)(D). The only basis for Taylor's assertion that the Board's 2001 and 2003 actions against him were unlawful is the Board's allegedly unlawful retention of jurisdiction over him in 1995, which he admits discovering on November 29, 1995. The statute of limitations is not reset simply because a petitioner files—and thus forces an administrative agency to deny—

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a much-delayed request for administrative review long after he could have discovered the factual predicate of his habeas claim. Nor does AEDPA's statute of limitations begin running anew with each exertion of authority that a petitioner alleges is illegal due to a mistake the petitioner discovered long ago; such a rule would render AEDPA's statute of limitations meaningless. Taylor therefore cannot establish that he filed his habeas petition within the statute of limitations.

■ Taylor's claim that he is entitled to equitable tolling is equally unavailing. A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Taylor asserts that the Board incorrectly led him to believe that he could not challenge its January 25, 1996 order denying his request for administrative review of the Board's December 13, 1995 order imposing new supervision conditions. Even if Taylor were misled as he claims, that does not make his much-delayed challenge to the Board's 1995 retention of authority over him a diligent pursuit of his rights. The Board issued several orders subsequent to the January 25, 1996 order, none of which contained any language suggesting the unavailability of judicial appeal or review. Indeed, the Board's June 1998 parole revocation order explained the availability of administrative and judicial review of the order and listed the relevant filing periods. A diligent petitioner who believed that all judicial review was foreclosed as to the January 1996 order still would have sought review of any subsequent Board order. Thus, Taylor was not diligent in the pursuit of his rights relating to the 1995 Board order retaining its jurisdiction over him and is ineligible for equitable tolling.

AFFIRMED.