**James G. DURAN, Petitioner–Appellant,**

v.

**Robert HERNANDEZ; et al., Respondents–Appellees.**

**No. 06–56098.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 29, 2008.

James G. Duran, Corcoran, CA, pro se.

Lora Fox Martin, Esq., Office of The California Attorney General, San Diego, CA, for Respondents-Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner James G. Duran appeals pro se from the district court's judgment dismissing as untimely his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Duran contends that the district court erred by dismissing his petition as untimely pursuant to the one-year limitations period set forth by 28 U.S.C. § 2244(d)(1). Because Duran's petition challenges a de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cision by the California Board of Prison Terms, the limitations period began running on the day following the denial of his administrative appeal. *See Redd v. McGrath,* 343 F.3d 1077, 1082 (9th Cir. 2003); *Shelby v. Bartlett,* 391 F.3d 1061, 1066 (9th Cir.2004).

Although Duran claims that he did not receive timely notice of the denial of his administrative appeal, he fails to meet his burden to show that he could not have discovered the denial earlier through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

Because Duran did not file his first state habeas petition until after the expiration of the one-year statute of limitations set forth by 28 U.S.C. § 2244(d)(1), he is not entitled to statutory tolling of the limitations period. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001). Furthermore, Duran is not entitled to equitable tolling as he has failed to show the requisite diligence in pursuing his habeas claims. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Duran's motion to strike appellee's answering brief is denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.