**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6208**

ALFONZO MEEKS,

               Petitioner - Appellant,

       v.

TIMOTHY MCKOY, Superintendent,

               Respondent – Appellee,

     and

STATE OF NORTH CAROLINA,

               Respondent.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (5:08-hc-02052-FL)

Submitted: March 10, 2010        Decided: March 23, 2010

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alfonzo Meeks, Appellant Pro Se. Mary Carla Hollis, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfonzo Meeks appeals from the district court's order dismissing his 28 U.S.C. § 2254 (2006) petition as untimely filed. We previously granted a certificate of appealability on the only issue raised on appeal: whether the one-year statute of limitations applies to Meeks' challenge of his disciplinary conviction. After reviewing the parties' additional briefing, we affirm.

A person in custody pursuant to a state-court judgment faces a one-year statute of limitations on any § 2254 petition. 28 U.S.C. § 2244(d)(1) (2006). Meeks' petition was indisputably filed over one year after his administrative conviction became final. On appeal, Meeks contends that (1) the statute of limitations does not apply to disciplinary convictions and (2) even if it did, his grievances and other filings should have tolled the statute.

We hold that the statute of limitations applied to Meeks' challenge of his disciplinary conviction. See White v. Lambert, 370 F.3d 1002, 1005-10 (9th Cir. 2004) (challenging transfer to private, for-profit institution); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (challenging prison disciplinary proceedings); see also Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2003) (holding, in a § 2254 action, that statute of limitations "applies to claims challenging any aspect

of custody, so long as the petitioner is in custody pursuant to a state court judgment").

Meeks next argues that his grievances and prior lawsuits tolled the statute of limitations in this case. The one-year statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2) (2006). We find that the filings Meeks relies upon were not "properly filed application[s]" sufficient to toll the statute. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (noting that analysis of the phrase "properly filed" should be guided by common usage and understanding).

Accordingly, we affirm the dismissal of Meeks' petition as untimely. We grant Meeks' motion to amend and deny his motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED