**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QUOC XUONG LUU,

Petitioner - Appellant,

v.

V. SINGH, Associate Warden; et al.,

Respondents - Appellees.

No. 10-15506

D.C. No. 2:09-cv-02783-LKK-DAD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted January 10, 2011**

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Quoc Xuong Luu appeals pro se from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We

have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Luu contends that the district court erred in dismissing his petition as untimely. To the extent that Luu argues that his prior 42 U.S.C. § 1983 action should toll the limitation period, this contention fails. *See* 28 U.S.C. § 2244(d); *see also Fergusen v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that ended before the state petition was filed"). The statute of limitations period for administrative decisions is governed by 28 U.S.C. § 2244(d)(1)(d), which requires filing within one year from the date the administrative appeal was denied. *See Shelby v. Bartlett*, 391 F.3d 1061, 1065-66 (9th Cir. 2004) (limitation period began running day after petitioner received notice of denial of appeal). Accordingly, Luu's argument that the AEDPA statute of limitations did not begin until after the resolution of his § 1983 action is without merit.

**AFFIRMED.**