# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

No. 11-40551
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL C. SANFORD,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-190

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel C. Sanford, Texas prisoner # 344861, is serving time for a 1982
aggravated robbery conviction. He appeals the dismissal of his 28 U.S.C. § 2254
application challenging the revocation of his parole on February 27, 2007, based
in part on a 1996 federal conviction for bank fraud. We granted a certificate of
appealability (COA) for the issue of whether "Texas waived its jurisdiction to
revoke his parole on the basis of his 1996 bank fraud offense."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-40551

Sanford argues that his revocation hearing was untimely following his initial arrest on a fugitive from justice warrant. He also argues that his arrest on December 13, 2006, violated due process because the fugitive from justice warrant had expired. We will not consider these issues that are beyond the scope of the COA. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *cert. denied*, 2012 WL 1658531 (May 14, 2012) (No. 11-8085).

According to the respondent, Sanford's § 2254 application was time barred under 28 U.S.C. § 2244(d)(1). Although both parties addressed the time bar issue in the district court, the court dismissed the application on the merits without reaching the statute of limitations. Because Sanford had notice of the issue and an opportunity to respond, and the respondent has not waived the affirmative defense, we will consider in the first instance whether Sanford's application was time barred. *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000).

A person in state custody has one year in which to file a timely application for federal habeas corpus relief. § 2244(d)(1). Because Sanford is challenging a parole revocation decision, the limitation period began to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D); *see Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003) (applying § 2244(d)(1)(D) to parole denial claim with time running from date of parole decision); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (same with respect to parole revocation); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003) (same).

The factual predicate for the claim that Texas waived its jurisdiction to revoke Sanford's parole based upon the 1996 conviction was discoverable on the date his parole was revoked, February 27, 2007. Sanford did not file his federal application until April 25, 2009. Even if we assume that the limitation period was tolled pursuant to § 2244(d)(2) during the pendency of Sanford's first state habeas application from April 25, 2007, to October 3, 2007, more than one year

2

passed before Sanford filed his second state habeas application on October 8, 2008.  Sanford has not shown that he is entitled to equitable tolling.

Because the district court's dismissal can be affirmed on limitations grounds, we need not consider the merits of the certified issue.  The judgment of the district court is AFFIRMED.