**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDREEL SMITH, | No. 14-56064 |
| Petitioner - Appellant, | D.C. No. 5:13-cv-02138-MMM-SH |
| v. | |
| ELIN VALENZUELA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted May 6, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

Mandreel Smith appeals from the district court's order dismissing his federal

habeas petition as untimely under the one-year limitation period established in

28 U.S.C. § 2244(d). We have jurisdiction under 28 U.S.C. § 2253. We vacate and

remand.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In 2010, the California Department of Corrections found Smith guilty of distributing a controlled substance and stripped him of 180 days of good-time credit. Smith filed successive administrative appeals, the last of which was denied on March 10, 2011. After unsuccessfully appealing the administrative decision through the California courts, Smith filed a federal habeas petition on October 30, 2013.

The magistrate judge determined that § 2244(d)'s one-year limitation period began to run on March 11, 2011, and recommended dismissing Smith's petition as untimely. The district court accepted the magistrate judge's recommendation in a one-paragraph order. We agree with the district court's determination that Smith's one-year limitation period began to run on March 11, 2011. *See Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003); *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004). However, our case law requires the district court to consider a petitioner's equitable tolling arguments when the petitioner alleges facts that would entitle him to relief. *See United States v. Buckles*, 647 F.3d 883, 892 (9th Cir. 2011); *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002). Here, because there were some circumstances consistent with Smith's equitable tolling claims, the magistrate judge and the district court should have done more than summarily reject them. We therefore remand this case to the district court so that it may develop the factual

record as it relates to Smith's equitable tolling claims and consider in the first instance whether Smith's petition, with whatever tolling is appropriate, satisfies § 2244(d)'s one-year limitation period.

**VACATED** and **REMANDED**.