**Dennis FLETCHER, Plaintiff,**

v.

**John MARSHALL, Defendant.**

**Civil Action No. 06–12008–NMG.**

United States District Court,
D. Massachusetts.

Nov. 27, 2007.

Dennis Fletcher, Walpole, MA, Pro se.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

A prisoner in the custody of the Commonwealth of Massachusetts applies for a writ of habeas corpus, asserting constitutional infirmities in his trial and in the habitual-offender statute under which he was convicted. Apparently due to difficulties in receiving correspondence while incarcerated, the petitioner has failed to meet filing deadlines during this proceeding.

Now before the Court are four motions brought by the petitioner: 1) motion for extension of time to file motion for reconsideration (Docket No. 15), 2) motion for reconsideration (Docket No. 16), 3) motion for certificate of appealibility (Docket No. 17) and 4) motion requesting the Court to reissue its prior rulings in order to permit him to file timely responses (Docket No. 20).

### I. Background

On October 11, 2002, a jury in the Massachusetts Superior Court for Middlesex County convicted petitioner Dennis Fletcher ("Fletcher") of breaking and entering and larceny. The following week, he was convicted in a jury-waived trial as an habitual criminal under M.G.L. c. 279 § 25 ("the Habitual Offender Statute") and was sentenced to a term of between 10 and 20 years' imprisonment. He is currently serving that sentence. Fletcher has appealed his conviction in the state courts on the grounds that the trial court misapplied the subject statute.

The Habitual Offender Statute operates as a "three strikes" law, classifying as an "habitual offender" a defendant who is, for a third time, "sentenced and committed" to serve a term of at least three years. Fletcher's first conviction preceded the Truth in Sentencing Act, St.1993, c. 432, and, although he was sentenced to three years, he was released early (after two years, eleven months and four days) for good behavior. On appeal he argued that he was not "committed" to prison for three years on that occasion and that he was, therefore, not eligible for the habitual offender enhancement. That appeal was unsuccessful. *Commonwealth v. Fletcher*, 808 N.E.2d 1258 (Mass.App.Ct.2004).

On October 30, 2006, Fletcher filed a petition with this Court, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) on four grounds: 1) denial of right to counsel, 2) unconstitutional vagueness of the Habitual Offender Statute, 3) denial of right to appeal and 4) an equal protection violation in the application of the Habitual Offender Statute to defendants like himself. Recognizing that he had not exhausted his state remedies with respect to any of those claims, Fletcher simultaneously filed a motion to stay his habeas petition (Docket No. 3) pending exhaustion of his state court remedies. The government moved this Court on February 9, 2007, to dismiss both the habeas petition and the motion to stay, asserting that Fletcher had not yet exhausted his remedies in state court. This Court denied Fletcher's motion to stay on July 9, 2007 ("the July 9 Order"), but did not directly address the underlying petition for habeas corpus. The docket sheet indicates that the dismissal of the motion to stay disposed of the petition for habeas corpus as well but the Court did not explicitly rule on the underlying petition or on the government's motion to dismiss.

On July 26, 2007, Fletcher filed a motion for reconsideration of the July 9 Order, stating that, due to ongoing problems with receiving his mail while incarcerated, he had been unaware of the government's motion to dismiss and thus had had no effective opportunity to oppose it. He moves, in the alternative, for a Certificate of Appealability in the event that his motion for reconsideration is denied.

Fletcher has been pursuing his state court appeals in parallel with this federal proceeding. In particular, his first two claims (denial of right to counsel and vagueness of the habitual offender statute) were the subject of a denied Application for Further Appellate Review on March 29, 2007, after the filing of his federal habeas petition but before the pending motion for reconsideration.

## II. *Analysis*

### A. Procedural Motions

Petitioner's first and fourth motions (Docket Nos. 15 and 20) both arise out of the problems that he has experienced with his prison mail delivery system and the effect that those problems have had on his compliance with court deadlines. In short, he alleges that deadlines have passed without his having received notice of any pending motion or that any response was due from him. In his first and fourth motions Fletcher seeks Court permission to proceed in spite of those missed deadlines. He wants to respond to Respondent's motion to dismiss and for this Court to reissue its endorsement of that motion so that he may preserve his right to appeal it.

Because this petitioner has apparently faced unusual barriers to compliance with the Court's rules, it is appropriate to make allowances for his shortcomings concerning deadlines. The Court will, therefore, allow his motion for extension of time to file

motion for reconsideration (Docket No. 15). In light of that allowance, the request for the reissuance of prior rulings (Docket No. 20) appears to be moot.

### B. Motion for Reconsideration, Seeking a Stay

 Fletcher concedes in his motion for reconsideration that he has not exhausted his state court remedies with respect to all of the claims in his habeas petition. What he presents is now a "mixed" petition, asserting two claims that are exhausted and two that are unexhausted. See *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The remedy that he seeks is a stay and abeyance, by which this Court would stay proceedings on his habeas petition to give him an opportunity to exhaust his state court remedies and to reinstitute them at such time as the state process has run its course.

Recognizing that the "total exhaustion" rule of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (requiring that mixed petitions be dismissed) was in tension with the recent imposition of a one-year statute of limitations on federal habeas petitions by the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(b) *et seq.* ("AEDPA"), the Supreme Court has given detailed instructions to district courts considering employing a "stay and abeyance" procedure. *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Because AEDPA's one-year limitation is tolled for pending state proceedings but not federal habeas petitions, a prisoner filing a mixed petition in federal court may not receive a ruling on it until after the one year has elapsed, thus shutting him out of any opportunity to present his federal claims in a perfected petition.

To balance the interests of AEDPA (in streamlining the federal habeas process) and the prisoners (in retaining a federal forum in which to be heard), *Rhines* held as follows:

1) a stay and abeyance should be granted only if the petitioner can show good cause why he has failed to exhaust his state remedies on the unexhausted claims;

2) if such good cause is present, the stay should, nonetheless, be denied if the unexhausted claims are "plainly meritless";

3) if it appears that the petitioner is engaging in abusive tactics intended to delay the resolution of his case, the stay should be denied; and

4) if a stay of a mixed petition is denied, the petitioner should be given the opportunity to delete the unexhausted claims and proceed with only the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines,* 544 U.S. at 277–79, 125 S.Ct. 1528.

Here, Fletcher has presented no good cause for his failure to exhaust his state remedies prior to filing his federal habeas petition. Indeed, his contemporaneous pursuit of state and federal remedies demonstrates that he was aware of the state-court opportunities he had yet to pursue and the fact that he needed to do so. He simply filed his federal habeas petition prematurely. It is, therefore, unnecessary for this Court to rule upon the merits of Fletcher's claims to which the government has not yet responded because of the procedural defects in the petition.

Because Fletcher cannot show good cause for his failure to exhaust state remedies, a stay and abeyance is inappropriate. In accordance with *Rhines,* he will be given an opportunity to delete his unexhaust-

ed claims and proceed with only the first two claims, which have been exhausted in the time since he filed his petition. The respondent has not yet responded to the merits of any of Fletcher's arguments because, at the time of his response, none of them was exhausted.

## C. Motion for Certificate of Appealability

In the event that the Court denies his motion for reconsideration, Fletcher moves this Court in the alternative to issue a Certificate of Appealability. A Certificate of Appealability from a procedural dismissal, like this one, should be granted

> when the prisoner shows, at least ... that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Here Fletcher has not shown any grounds on which a "jurist of reason" would dispute this Court's procedural ruling, nor can he. The procedure is clear following *Rhines.*

**ORDER**

In accordance with the foregoing:

1) Petitioner's motion for extension of time to file a motion for reconsideration (Docket No. 15) is **ALLOWED.**

2) Petitioner's motion to reissue the Court's prior rulings in order to allow him to respond (Docket No. 20) is **DENIED** as moot.

3) Petitioner's motion for reconsideration (Docket No. 16) is, because his petition states claims that have not been exhausted in state court, **DENIED.** Petitioner may dismiss the unexhausted claims (denial of right to appeal and violation of equal protection) voluntarily, after which this Court will consider the merits of those claims as to which all state remedies have been exhausted. If

he fails to do so within 30 days, the entire petition will be dismissed.

4) Petitioner's motion for a certificate of appealability (Docket No. 17) is **DENIED.**

**So ordered.**