Dennis **FLETCHER,** Petitioner,

v.

John **MARSHALL,** Respondent.

Civil Action No. 06–12008–NMG.

United States District Court,
D. Massachusetts.

Sept. 26, 2008.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Respondent.

### MEMORANDUM & ORDER

GORTON, J.

After being convicted as a habitual criminal under M.G.L. c. 279, § 25, the petitioner in this case, Dennis Fletcher ("Fletcher"), filed a petition for habeas corpus. The government, on behalf of respondent John Marshall, the Superintendent of M.C.I. Cedar Junction where Fletcher is incarcerated, moves to dismiss Fletcher's petition.

### I. *Factual Background*

On October 11, 2002, a jury in the Massachusetts Superior Court for Middlesex County convicted Fletcher of breaking and entering and larceny. A few days later, he was found to be a habitual criminal and sentenced to a term of between 10 and 20 years' imprisonment. He is currently serving that sentence.

Fletcher appealed his conviction in the state courts on the ground that the trial court misapplied the habitual offender statute. That statute operates as a "three-strikes-and-you're-out" law, defining a "habitual offender" as a defendant who is, for a third time, "sentenced and committed" to serve a term of at least three years. Fletcher's first conviction preceded the Truth in Sentencing Act, M.G.L. c. 127, § 133, as appearing in St. 1993, c. 432, § 11, and although he was sentenced to three years he was released after two years, eleven months and four days for good behavior. He contended that he was not, therefore, "committed" to prison for three years on that occasion and thus is not subject to the habitual offender en-

hancement. That appeal was unsuccessful. *Commonwealth v. Fletcher,* 61 Mass.App. Ct. 1108, 808 N.E.2d 1258 (Mass.App.Ct. 2004).

## II. *Procedural History*

The progress of this petition through the federal courts has been marked by several deviations from the normal pattern. Because the procedural history is essential to an understanding of where the petition presently stands this memorandum will address it at some length.

### A. The Initial Filing and the July, 2007, Order

On October 30, 2006, Fletcher filed a petition with this Court, seeking habeas corpus pursuant to 28 U.S.C. § 2254 on four grounds: 1) denial of right to counsel, 2) unconstitutional vagueness of the habitual offender statute, 3) denial of right to appeal and 4) an equal protection violation in the application of the habitual offender statute to defendants in his situation. Recognizing that he had not exhausted his state remedies with respect to any of those claims, Fletcher simultaneously filed a motion to stay his habeas petition pending exhaustion of his state court remedies.

The government moved this Court on February 9, 2007, to dismiss the habeas petition and deny the motion to stay, asserting that Fletcher had not yet exhausted his remedies in state court. Thereafter, this Court denied Fletcher's motion to stay but did not directly address the underlying petition for habeas corpus. The docket sheet indicates that the dismissal of the motion to stay disposed of the petition for habeas corpus as well, yet the Court did not explicitly rule on the underlying petition or the motion to dismiss. Nonetheless, the case was marked "closed" at that time.

### B. The Mixed Petition and the November 27 Order

On July 26, 2007, Fletcher filed a motion for reconsideration of the previous court order, stating that, due to ongoing problems in receiving his mail while incarcerated, he had been unaware of the government's motion to dismiss and thus had no effective opportunity to oppose it. He moved, in the alternative, for a Certificate of Appealability in the event his motion for reconsideration were denied. This Court addressed the motion for reconsideration and for a certificate of appealability in a Memorandum and Order entered on November 27, 2007, 525 F.Supp.2d 233 ("the November 27 Order").

Fletcher has been pursuing his state court appeals in parallel with this federal proceeding. By November, 2007, his first two claims had been exhausted in state court, and so at that point this Court faced a "mixed" petition including two exhausted claims and two unexhausted claims. Following *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and in the spirit of indulgence toward *pro se* petitioners, the November 27 Order viewed the petition as it stood on that date, taking account of its progress through the state court system since the time of its filing. It gave Fletcher the opportunity to salvage his petition by dismissing his two unexhausted claims and proceeding with only the two that had been exhausted. The Order stated that "if he fail[ed] to do so within 30 days, the entire petition [would] be dismissed".

### C. Fletcher's Response in December, 2007

On December 17, 2007, Fletcher filed three documents, none of which unambiguously dismissed the two unexhausted claims. First came a motion for reconsideration, again seeking a stay and abeyance

which this Court has twice previously denied. That filing apparently arose out of Fletcher's misunderstanding of the Court's November 27 Order which allowed his motion for extension of time to file a motion for reconsideration. The Court's intention was merely to indicate that it would entertain the motion for reconsideration that had already been filed but Fletcher apparently read it as an invitation to file another motion for reconsideration. That motion was denied on December 18, 2007.

Second, Fletcher submitted a letter in which he apologized for his lack of understanding of the law and stated that he did not *wish* to dismiss any of his claims because he was afraid of losing them. He added that he wanted to address all issues

> ... unless this Court deems procedure will bar me from doing so.
>
> If exhaustion of present Rule 30 pending in Mass.App.Ct. will allow filing 2254 petition as if for the 1st time, that is what I choose to do.
>
> But if "dismissal" in *any* way by this Court would prevent me from addressing all issues, specifically underlying and presently "exhausted" issues, then I would like to address those issues without incurring penalty or procedural bar.

Pl.'s Mem. to Ct., 3.

Finally, Fletcher moved for appointment of counsel. This Court denied that motion on December 18, 2007.

### D. The Government's Second Motion to Dismiss

The government responded to Fletcher's December filings with a renewed motion to dismiss his petition in its entirety. The government argues, in essence, that the November 27 Order presented Fletcher with a simple instruction, to dismiss his two unexhausted claims, and that he failed to follow that instruction. That Order was also clear about the consequences of Fletcher's failure to do so: the entire petition would be dismissed. The government characterizes Fletcher's letter as "equivoca[l] as to the issue of whether he would withdraw the third and fourth claims in his Petition, failing to offer a clear decision".

Fletcher's opposition to that motion filed in Court is incomplete on the docket. It includes only the first page, which ends in mid-sentence. Efforts to locate a complete version have been unsuccessful but what is on file is sufficient to determine the basis for the petitioner's opposition. He describes the government's motion as

> a milquetoast attempt to surreptitiously malign [his] character by implying that [he] lied to this Court as to [his] intentions ...

and goes on to reiterate that he wants to pursue all of his issues unless he is prevented from doing so by this Court's orders.

It is, of course, disconcerting that the Court can locate only an incomplete copy of Fletcher's opposition to the government's motion. That motion is, however, not the basis on which the petition will be dismissed. As stated above, the November 27 Order set forth the terms under which Fletcher's petition could proceed and he has not complied with those terms. The petition would have been dismissed by the force of the November 27 Order irrespective of the government's motion. Fletcher has not, therefore, been prejudiced by the Court's inability to consider the entirety of his opposition to that ultimately superfluous motion.

### E. The Current Filings

In March, 2008, Fletcher renewed his motion for appointment of counsel. The basis for that motion is, in essence, his disagreement with the determination by the Committee for Public Counsel Services

that his case, while possibly supported in part by the transcript, is not sufficiently strong to warrant appointed counsel. Fletcher himself observes that "circumstances have not changed since first motion for appointment of counsel" and the motion will be denied.

On July 21, 2008, Fletcher moved for relief from judgment. The judgment from which he seeks relief is the closure of the case, on July 9, 2007, discussed above. The case has since been re-opened and this motion will therefore be denied as moot.

On August 6, 2008, Fletcher filed another letter/non-motion with the Court notifying it that his state-court proceedings have continued and that his claims are, now, all exhausted. He also moved to attach a copy of the Supreme Judicial Court's denial of his Application for Leave to Obtain Further Appellate Review. Finally, due to his uncertainty about the status of his current petition and his unfamiliarity with Court procedure, he submitted a new petition for habeas corpus, opened as Docket No. 08–cv–11392–NMG. It asserts only the two claims that were previously exhausted in state court.

### III. *Analysis*

When Fletcher first filed his petition for habeas corpus, none of his claims had been exhausted in state court. The petition could have been dismissed at that time and, indeed, the government continues to assert that it was. The Court's endorsement of the motion to stay was equivocal, however, which resulted in reconsideration of its dismissal. At that time (November, 2007) two of the four claims asserted in the petition had been exhausted and, in the spirit of lenity, the Court viewed the petition as it then stood rather than as it stood at the time of the first ruling in July, 2007. Consequently, the Court afforded Fletcher an opportunity to proceed with the claims

that had been exhausted in the intervening time provided that he dismiss those which had not.

As discussed above, Fletcher's response to that Order is fatally ambiguous. His goal is, obviously, to pursue as much of his petition in federal court as he can. Nowhere does he state, however, that he intends voluntarily to dismiss the two unexhausted claims in compliance with the November 27 Order. The fact that he continues to press them to this day indicates that he has not dismissed them. Thus, pursuant to the November 27 Order, the petition will be dismissed.

### ORDER

In accordance with the foregoing, the motion to dismiss petition (Docket No. 25) is **ALLOWED** and the petition for habeas corpus (Docket No. 1) is, accordingly, **DISMISSED**. The motions for appointment of counsel (Docket No. 29) and to attach state court documents (Docket No. 32) are **DENIED** and the motion for relief from judgment (Docket No. 30) is **DENIED** as moot.

**So ordered.**