Dennis **FLETCHER**, Petitioner,

v.

Peter **ST. AMAND**, Respondent.

**Civil Action No. 08–11392–NMG.**

United States District Court,
D. Massachusetts.

March 5, 2010.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Respondent.

### MEMORANDUM & ORDER

GORTON, J.

Petitioner Dennis Fletcher ("Fletcher") was convicted and found to be an "habitual criminal" in Massachusetts state court. Before this Court are various motions from both parties concerning his petition for habeas corpus relief.

## I. *Background*

### A. Factual Background

On October 11, 2002, a jury in the Massachusetts Superior Court for Middlesex County convicted Fletcher of breaking and entering and larceny. A few days later, he was found to be an habitual criminal and sentenced to a term of between 10 and 20 years' imprisonment. He is currently serving that sentence.

Fletcher appealed his conviction in state court on the ground that the trial court misapplied the habitual offender statute. That statute operates as a "three-strikes-and-you're-out" law, defining a "habitual offender" as a defendant who is, for a third

time, "sentenced and committed" to serve a term of at least three years. Fletcher's first conviction preceded the Truth in Sentencing Act, M.G.L. c. 127, § 133, as appearing in St.1993, c. 432, § 11, and, although he was sentenced to three years, he was released after two years, eleven months and four days for good behavior. He contended that he was not, therefore, "committed" to prison for three years on that occasion and thus is not subject to the habitual offender enhancement. Fletcher's appeal was unsuccessful. *Commonwealth v. Fletcher*, 61 Mass.App.Ct. 1108, 808 N.E.2d 1258 (Mass.App.Ct.2004). Numerous state court filings followed the initial denial of Fletcher's appeal.

### B. Procedural History

Petitioner's attempts to obtain habeas corpus relief in federal court have followed a tortuous and complex procedural route. Because the path of that route is important to understanding the posture of this case and the pending motions, it will be described in some detail.

The instant petition for habeas corpus relief is actually Fletcher's second of two petitions which are closely related. On October 30, 2006, Fletcher filed his first petition seeking habeas relief on four grounds: 1) denial of right to counsel, 2) unconstitutional vagueness of the habitual offender statute, M.G.L. c. 279, § 25, 3) denial of right to appeal and 4) an equal protection violation in the application of the habitual offender statute to defendants in his situation ("the First Petition"). Recognizing that he had not exhausted his state remedies with respect to any of those claims, Fletcher simultaneously filed a motion to stay his petition pending exhaustion.

On February 27, 2007, the government moved to dismiss the First Petition due to non-exhaustion and filed an opposition to

Fletcher's motion to stay. The Court denied the motion to stay in July, 2007 but did not explicitly rule on the motion to dismiss. Later that month, Fletcher filed a motion for reconsideration or, in the alternative, for a certificate of appealability ("COA"). The Court addressed the outstanding issues in a Memorandum and Order ("M & O") dated November 27, 2007, 525 F.Supp.2d 233 ("the November, 2007 M & O"). By that time, Fletcher had exhausted the first two of his four claims. In the spirit of indulgence toward *pro se* litigants and following *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Court treated his petition as it stood that day (i.e., as a mixed petition containing both exhausted and unexhausted claims). The Court again declined to enter a stay and denied Fletcher's motions for a COA and for reconsideration. Nonetheless, the Court gave Fletcher the opportunity to salvage his petition by voluntarily dismissing the two unexhausted claims within 30 days.

Fletcher responded by filing three documents in December, 2007. In essence, he stated a desire to proceed with all of his claims unless the Court "deem[ed] that procedure [would] bar [him] from doing so". In January, 2008, the government responded by filing a renewed motion to dismiss due to Fletcher's failure to comply with the straightforward instruction in the November, 2007 M & O. Fletcher opposed that motion and repeated therein his desire to pursue all of his claims unless he was prevented from doing so.

On August 6, 2008, Fletcher filed a letter/non-motion on the First Petition's docket. He asserted that all four of his claims had been exhausted in light of a recent decision of the Massachusetts Supreme Judicial Court. He also claimed that because the government's motion to dismiss was based on procedural grounds he should be permitted to file a petition "as if for the first time" once his claims were exhausted. To that end he "filled out the standard 2254 habeas petition in the event [he was] obligated to do so". That petition was treated by the Clerk's Office as an independent petition for habeas corpus (Fletcher's second) and resulted in the opening of the instant case ("the Second Petition"). Not surprisingly, the Second Petition seeks relief on grounds substantially similar to those raised in the First Petition.

On September 26, 2008, 584 F.Supp.2d 331, this Court issued a M & O with respect to the First Petition. Most significantly, the Court allowed the government's renewed motion to dismiss because Fletcher had not exercised either alternative afforded to him by the November, 2007 M & O. The case was subsequently closed and, on January 23, 2009, Fletcher filed a motion for a COA with respect to that order.

A notice of appeal was filed and an appellate case was opened with respect to the First Petition. At that point, Fletcher's two petitions became intertwined and their procedural histories consequently became more complicated. Initially, in February, 2009, the First Circuit issued an order stating that an appeal of the dismissal of the First Petition could not proceed until this Court decided Fletcher's January 23, 2009 request for a COA.

Subsequently, the parties filed various pleadings with respect to the Second Petition before this Court. First, in March, 2009, the Court allowed the government's motion for an extension of time to file a responsive pleading by April 1, 2009. The government missed that deadline but, on April 7, 2009, submitted a motion for leave to file a motion to dismiss, attaching its proposed motion thereto. It explained that its tardiness was due to 1) a delay in receiving documents concerning Fletcher's state-court challenges and 2) "obligations

associated with other legal work". The proposed motion sought dismissal of the Second Petition on three grounds: 1) it was not signed, 2) it should not proceed while Fletcher continued to pursue his appeal of the First Petition based upon identical claims and 3) the fourth claim had not been exhausted.

After receiving and considering the government's proposed motion to dismiss, Fletcher filed two motions on April 24, 2009: 1) a "motion for withdrawal of issue" seeking to drop his fourth claim and 2) a motion to supplement the record to add his signature to the Second Petition. On May 13, 2009, this Court allowed the government's motion for leave to file a motion to dismiss and, as a result, the government filed its motion the next day. The memorandum in support of that motion, however, was identical to the proposal attached to the April 7 motion for leave and thus did not address Fletcher's April 24 filings. On June 3, 2009, Fletcher opposed the government's motion to dismiss contending that a) his April 24 filings corrected two of the three arguments for dismissal and b) with respect to the third (i.e., the pending appeal of the First Petition), he would withdraw his appeal if he were allowed to proceed on the Second Petition.

In June and July, 2009, the two petitions converged. With respect to the appeal of the First Petition, the First Circuit issued an order on June 23, 2009 stating that "[u]pon closer scrutiny, it is apparent that the district court denied a[COA] in its November 27, 2007 order". Accordingly, it instructed Fletcher to file a request for a COA in the Circuit Court by July 7, 2009. Presumably unaware of that order, Fletcher filed a "motion for clarification" in this Court with respect to the Second Petition dated June 24, 2009. He asks this Court to clarify whether he will be allowed to proceed on the Second Petition if his appeal is dropped or if, instead, he risks losing his ability to present the merits of his claim altogether.

Simultaneously, Fletcher filed a status report in his appeal to the First Circuit. He included a copy of the motion for clarification filed in this Court and a "motion for leave to file for dismissal of appeal". The latter sought permission from the First Circuit to postpone prosecution of his appeal of the dismissal of his First Petition until this Court rules on his Second Petition. Accordingly, on July 20, 2009, the First Circuit issued an order granting Petitioner's motion to "stay appellate proceedings [with respect to the First Petition] until the district court adjudicates [the Second Petition]." Finally, and superfluously, this Court denied Fletcher's January 23, 2009 request for a COA on July 31, 2009, 646 F.Supp.2d 163.

Petitioner has since filed two additional motions, both of which seem to emanate from his frustration over this Court's inattention to the pending motions. On October 1, 2009, he filed a "motion to be heard on the merits" and, on January 7, 2010, a motion for a status report.

With that lengthy history in mind, the Court now addresses the pending motions.

## II. *Analysis*

### A. Petitioner's Motions for Withdrawal and to Supplement the Record and Respondent's Motion to Dismiss

As explained above, the three captioned motions are related. When the government submitted a motion for leave to file a motion to dismiss, it attached its proposed memorandum in support of that motion. Therein, it sought dismissal of Fletcher's First Petition on three grounds. Before the Court granted the requested leave, however, Petitioner filed two motions to remedy two of the three alleged grounds

for dismissal. First, his "motion for withdrawal" seeks to withdraw his fourth claim for habeas relief, which Respondent had opposed as unexhausted. Second, Fletcher moved to supplement the record to add his signature, which he had mistakenly omitted.

The government's memorandum does not address either of those motions and they remain unopposed. Accordingly, they will be allowed and the Court will treat the motion for withdrawal as a stipulation of dismissal of the fourth claim.

 Furthermore, in light of several developments in this case, none of the government's three arguments for dismissal is persuasive and, therefore, its motion to dismiss will be denied. First, the government's contention that the claims are not all exhausted is rendered moot by the Petitioner's stipulation to dismiss his fourth claim. *See Rhines*, 544 U.S. at 279, 125 S.Ct. 1528. The government's argument about a missing signature is trivial and, by Fletcher's motion to supplement the record, rendered moot. *E.g., Cox v. McBride*, 279 F.3d 492, 493 (7th Cir.2002) (stating that dismissal for failure to sign a petition alone would not be warranted); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.1990) (holding that the district court may, if it sees fit, disregard the defect of an unsigned petition).

 The government is thus reduced to its argument that the petition should be dismissed because of the pending appeal of the First Petition. The First Circuit's July 20, 2009 order, however, states that the appeal is stayed pending the adjudication of this petition. To accept the government's position would, therefore, mean that the First and Second Petitions would both await the other's resolution, an untenable result. Moreover, Fletcher has represented that he will withdraw his appeal of the dismissal of the First Petition if the government's motion to dismiss the Second

Petition is denied and thus any risk of overlap, inefficiency or conflicting rulings will disappear. As such, the most efficient and logical course is to deny dismissal of the Second Petition.

## B. Petitioner's Motion for Clarification

It is difficult to discern the import of Petitioner's motion for clarification. He asks the court the "clarify" 1) whether he will be allowed to proceed on the merits of his claims in this case if he drops his appeal of the First Petition and 2) when he should brief the merits of his claims. Fletcher also expresses his confusion and frustration with this area of the law and with what he sees as a substantial delay in the adjudication of his claims.

 Acknowledging its deference to Fletcher's *pro* se status, the Court, nevertheless, declines to act as a question and answer forum and will, therefore, deny this motion.

## C. Petitioner's Motion to be Heard on the Merits

Fletcher moves to be heard on the merits of his petition and presents the Court with arguments in support of each of the three grounds on which he seeks relief. Respondent (presumably deciding to rely for now on its previously-filed motion to dismiss) has not responded to this motion.

The Court will allow Fletcher's motion to a limited extent. Both parties may file memoranda in support of their respective positions as to the merits of Fletcher's claims. Petitioner's memorandum, if any, shall be filed on or before March 31, 2010, and Respondent shall respond on or before April 30, 2010. A hearing will be scheduled by the Court if and when deemed necessary.

### D. Petitioner's Motion for a Status Report

This motion, filed on January 7, 2010, seeks advice on the status of Petitioner's motion for clarification and his motion to be heard on the merits. A docket report was mailed to Petitioner on January 12, 2010 and, in light of the rulings herein, the motion will be denied as moot.

### ORDER

In accordance with the foregoing,

1) Petitioner's motion for withdrawal of issue (Docket No. 12) and motion to supplement the record (Docket No. 14) are **ALLOWED;**

2) Respondent's motion to dismiss (Docket No. 15) is **DENIED;**

3) Petitioner's motion for clarification (Docket No. 19) is **DENIED;**

4) Petitioner's motion to be heard on the merits (Docket No. 20) is **ALLOWED** to the extent that he may file a memorandum on the merits of his claim on or before March 31, 2010 and Respondent may reply on or before April 30, 2010; and

4) Petitioner's motion for a status report (Docket No. 21) is **DENIED** as moot.

**So ordered.**