**Robert K. DILS, Petitioner–Appellant,**

v.

**Larry SMALL, Warden; Attorney General of the State of California, Respondents–Appellees.**

**No. 99–55412.**

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 13, 2000

Submission Deferred Dec. 18, 2000

Submitted July 30, 2001

Filed Aug. 6, 2001

Lauren Eskenazi, Deputy Federal Public Defender, Los Angeles, California, for the petitioner-appellant.

David P. Druliner, Chief Assistant Attorney General; Carol Wendelin Pollack, Senior Assistant Attorney General; Kenneth C. Byrne, Supervising Deputy Attorney General; Beverly K. Falk, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

Before: PREGERSON, NOONAN, and SILVERMAN, Circuit Judges.

Opinion by Judge NOONAN;
Concurrence by Judge PREGERSON

NOONAN, Circuit Judge:

Robert K. Dils appeals the dismissal of his petition for habeas corpus. The case presents a persistent petitioner whose persistence has not resulted in an adjudication of his federal appeal on the merits. Because of controlling congressional legislation, we lack jurisdiction over his latest effort.

## FACTS AND PROCEEDINGS

April 23, 1990, Dils shot and killed his wife, from whom he had separated, and her live-in male companion. December 13, 1990, a jury convicted Dils on two counts of first degree murder. He was sentenced to life imprisonment without possibility of parole. April 27, 1993, the California Court of Appeal, Second Appellate District, affirmed the judgment. August 12, 1993, the California Supreme Court denied his petition for review.

September 24, 1993, Dils sought habeas corpus pursuant to 28 U.S.C. § 2254. May 24, 1994, the district court dismissed the action without prejudice to its refiling after exhaustion of state remedies. July 26, 1994, the district court denied Dils's petition for issuance of a certificate of probable cause to appeal (a CPC). November 14, 1995, Dils filed a petition for habeas corpus in the California Supreme Court. March 27, 1996, the petition was denied. April 25, 1996, Dils filed a second habeas petition in the district court; the petition

was dismissed September 9, 1996 without prejudice to refiling after exhaustion of state remedies.

Dils appealed to this court the July 26, 1994 denial of a CPC. February 6, 1997, a motions panel of this court denied the request. Dils was also denied a certificate of appealability (COA). The order further provided that "no motions for reconsideration, rehearing, clarification, stay of mandate or any other submission shall be filed or entertained in this closed docket." February 12, 1997, this order was "lodged" in the district court.

March 27, 1997, Dils filed a second petition for habeas with the California Supreme Court. May 28, 1997, the petition was denied. June 10, 1997, Dils filed a third such petition with the California Supreme Court; it was denied on October 29, 1997.

April 30, 1998, Dils mailed from prison a third federal habeas petition. January 8, 1999, it was denied for lack of timeliness under 28 U.S.C. § 2244(d). February 8, 1999, Dils filed a notice of appeal and a petition for a COA. March 9, 1999, the petition was denied by the district court.

May 26, 1999, a motions panel of this court granted a COA with respect to one issue, viz., "whether the district court erred by dismissing petitioner's section 2254 petition as time-barred. See 28 U.S.C. § 2253(c)(2)." We, accordingly, now address this issue. Dils, who had originally acted pro se, is represented here by the Federal Public Defender.

## ANALYSIS

■ Dils had one year after April 23, 1996, the date of enactment of the Anti–Terrorism and Effective Death Penalty Act (AEDPA), to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). The period from April 25 to September 9, 1996, in which his second federal petition was pending, did not toll the statute. *Duncan v. Walker*, 531 U.S. 991, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001). The time was extended by two periods in which his state petitions were pending, March 27–May 28, 1997 and June 10–October 29, 1997. That meant Dils had to file by November 12, 1997. He mailed his third habeas petition to the court on April 30, 1998. As a pro se prisoner, he is entitled to have the mailing date treated as the date of filing. *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The petition was 166 days late.

■ Dils argues that his third petition relates back to his first petition. Our decisional law forecloses that contention if the first petition was no longer pending. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000). Dils argues, however, that his first petition was in fact still pending on April 30, 1998. But our order disposing of the case had been entered on the docket of the district court by February 12, 1997. The life of the first federal petition had come to an end.

Dils claims his petition had an after-life, given it by a document he offered to the district court on September 16, 1997, entitled "Request and Declaration for Late Traverse" and bearing the document number of his first federal petition. The district court did not file this document and returned it to Dils. Dils appealed, and the district court construed the appeal as a request for a COA, which the district court denied on February 2, 1998. A motions panel of this court continued to construe his appeal as a request for a COA and on April 15, 1998 denied it, with the same provision as to no further motions used by the motions panel in its order of February

6, 1997. Our order was lodged with the district court on April 17, 1998. A minute order of April 30, 1998 provided: "the mandate of the Ninth Circuit Court of Appeals ... is hereby filed and spread."[1]

 Dils argues that his "inartful" pro se petition of September 16, 1997 should have been construed as a statement that he had exhausted his state remedies and was now asking the federal court for judgment on the merits. But there was no way the district court could have engaged in such interpretation. By order of this court the docket was closed. Further filings were forbidden. The case had no life after the issue of our February 6 order, its issue necessarily preceded by one or more days the docketing of the order in the district court on February 12, 1997.

Dils raises two additional arguments: that his September 16, 1997 document should have been construed as a new habeas petition and that the district court should have warned him at the time of the dismissal of his second habeas petition that he ran the risk of returning too late to the federal court if he spent time exhausting his state remedies. These questions are not presented by the COA and are therefore as much beyond our jurisdiction as his untimely third petition.

DISMISSED.

PREGERSON, Circuit Judge, concurring specially:

I concur in the result.

---

1. The description of our order denying the COA as a "mandate" was not accurate. A mandate "consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R.App. P. 41(a). An order of the court denying a CPC and a COA is not a judgment to be then embodied in a mandate.

The verb "to spread" as used in connection with mandates is a special judicial usage, not acknowledged by *Webster's Third International Dictionary* (1981). In our usage it means to note on the district court case docket that

mandate has issued. An order of this court is merely "lodged."

According to the on-line *Oxford English Dictionary* (2d ed.1989), at http://www.oed.com (last visited July 18, 2001), in American usage "to spread" means "to record or enter on a documentary record." This usage can be traced from at least the mid-nineteenth century. One illustration from a 1894 history of Bourbon County, Kansas, written by T.F. Robley notes, for example, that "Councilmen Dimon, White and Drake caused the following order to be spread upon the minutes."