Manuel SOLORIO

v.

**James D. HARTLEY, et al.**

**No. CV 08–4862–SVW(RC).**

United States District Court, C.D. California.

Dec. 10, 2008.

---

Manuel Solorio, Avenal, CA, pro se.

Kim Aarons, CAAG–Office of Attorney General of California, San Diego, CA, for Respondent.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING RESPONDENT TO ANSWER THE PETITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

Effective July 21, 2008, petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254, challenging the California Board of Parole Hearings' decision of June 30, 2007, to deny him parole for three years. On November 20, 2008, respondent filed a motion to dismiss the petition, arguing it is untimely, and on December 5, 2008, petitioner filed his opposition to the motion to dismiss.

## BACKGROUND

On March 26, 1993, in Los Angeles County Superior Court case no. YA011225, a jury convicted petitioner Manuel Solorio of second degree murder with the use of a firearm in violation of California Penal Code ("P.C.") §§ 187(a) and 12022.5(a), and petitioner was subsequently sentenced to the total term of 19 years to life in state prison. Petition at 2. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment. Petition at 2–3.

On February 18, 2004, the California Board of Prison Terms held its initial parole suitability hearing for petitioner, and denied petitioner parole for three years, effective May 18, 2004. Petition, Exh. 2; Lodgment no. 1. Subsequently, on March

2, 2007, the California Board of Parole Hearings [1] ("Board") held its second parole suitability hearing for petitioner, and denied petitioner parole for three years, effective June 30, 2007. Petition, Exh. 1; Lodgment no. 2.

■ On January 6, 2008,[2] petitioner filed a habeas corpus petition in the Los Angeles County Superior Court challenging the 2007 parole denial, and on January 15, 2008, the Superior Court denied the petition. Lodgment nos. 3–4. On February 24, 2008, petitioner filed a habeas corpus petition in the California Court of Appeal challenging the 2007 parole denial, and on March 5, 2008, the Court of Appeal denied the petition. Lodgment nos. 5–6. Finally, on March 10, 2008, petitioner filed a petition for review in the California Supreme Court, which denied the petition on May 14, 2008. Lodgment nos. 7–8.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," *Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1059 (9th Cir.2007), as follows:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>　　　*　　　*　　　*

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

■ The AEDPA's statute of limitations applies to challenges to the revocation of parole and the denial of parole. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir.2003); *Brown v. Barrow*, 512 F.3d 1304, 1307 & n. 1 (11th Cir.2008) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir.2003); *Wade v. Robinson*, 327 F.3d 328, 331–32 (4th Cir.), *cert. denied*, 540 U.S. 912, 124 S.Ct. 292, 157 L.Ed.2d 202 (2003); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1065 (9th Cir.2004) ("[Section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment."

---

1. The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. P.C. § 5075(a).

2. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, petitioner signed his habeas corpus petition on January 6, 2008, and the Court treats that as the date petitioner gave the document to prison authorities for mailing to the district court. *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir.2001) ("[A] pro se petitioner ... is entitled to have the mailing date treated as the date of filing.").

(citation omitted)). "[F]or prisoners challenging administrative decisions such as the denial of parole . . ., AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final." *Redd*, 343 F.3d at 1084 (citations omitted); *Shelby*, 391 F.3d at 1066.

■ Respondent, in his motion to dismiss, characterizes the pending petition as challenging both the 2004 and 2007 decisions to deny petitioner parole. *See*, e.g., Motion at 4:15–5:18. The Court disagrees. Rather, petitioner clearly states he is only challenging the Board's 2007 parole denial, Opposition at 1, and review of the habeas corpus petition and accompanying memorandum of points and authorities supports this statement. Regarding the 2007 parole denial, respondent claims AEDPA's statute of limitations began to run on March 2, 2007, the date of petitioner's parole hearing. That is not so, as petitioner aptly notes. While petitioner was certainly aware of the Board's decision at his hearing on March 2, 2007, the Board's decision did not become final under California law until 120 days after the hearing, on June 30, 2007. *See* 15 C.C.R. § 2041(a) ("Board decisions . . . are proposed decisions and shall be reviewed prior to their effective date . . . ."), § 2041(h) ("Proposed decisions made at hearings for prisoners serving a sentence of life with the possibility of parole may be reviewed . . . ."), § 2043 ("Any proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress Hearings, shall become final no later than 120 days after the hearing at which the proposed decision was made."). Thus, for petitioner, the statute of limitations began to run on July 1, 2007, the day after the Board's decision became final, and ended on June 30, 2008. *Latscha v.*

*Salazar*, 2008 WL 5101015, *2 (C.D.Cal.); *Smith v. Salazar*, 2008 WL 4888990, *2 (C.D.Cal.); *see also Nelson v. Clark*, 2008 WL 2509509, *4 (E.D.Cal.) ("The factual basis of Petitioner's claim should have been readily discovered at the conclusion of his last parole hearing on September 2, 2005. Because that decision was merely a proposed decision, it did not become final until 120 days thereafter on December 31, 2005.[¶] Based on these facts, the statute of limitations began to run the following day on January 1, 2006[.]" (citations omitted)), *adopted by*, 2008 WL 3200828 (E.D.Cal.). Here, the instant action was not filed until July 21, 2008, after the statute of limitations had run.

■ However, this Court must consider whether the statute of limitations was either statutorily tolled or equitably tolled. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) (footnotes omitted), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold*, 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first state habeas corpus petition in the Los Angeles County Superior Court on January 6, 2008. At that time, petitioner had "used" 190 days of his allotted 365 days, and had 175 days left on the limitations period. *Nino*, 183 F.3d at 1006. Thereafter, the statute of limitations was tolled from January 6, 2008, through May 14, 2008, Cal.Rules of Court, Rule 8.532(b)(2)(A),[3] when the California Supreme Court denied petitioner's request for review. *Id.* Thus, petitioner had 175 days from May 14, 2008, or until Novem-

---

**3.** Rule 8.532(b)(2)(A) provides that "[t]he denial of a petition for review of a Court of Appeal decision" is "final on filing[.]" Cal. Rules of Court, Rule 8.532(b)(2)(A).

ber 5, 2008, in which to timely file his federal habeas petition. Since the instant petition was filed on July 21, 2008, it is timely.

## ORDER

Respondent's motion to dismiss **IS DE-NIED,** and respondent shall file an answer addressing the merits of the habeas petition, no later than thirty (30) days from the date of this Order. The petitioner may file his reply, no later than sixty (60) days after receipt of respondent's answer.