John B. **TIDWELL**, aka John Benjamin **Tidwell**

v.

John **MARSHALL**, Warden.

**Case No. CV 09–0159–AG (RC).**

United States District Court, C.D. California.

May 13, 2009.

John B. Tidwell, aka John Benjamin Tidwell, San Luis Obispo, CA, pro se.

Amanda Lloyd, Deputy Attorney General, Los Angeles, CA, for Respondent.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND REQUIRING RESPONDENT TO ANSWER THE PETITION**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

■ Effective February 5, 2009,[1] petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the 2007 decision of California Board of Parole Hearings[2] to deny him parole for two years. On April 13, 2009, respondent filed a motion to dismiss the petition arguing it is untimely, and on May 11, 2009, petitioner filed his opposition to the motion to dismiss.

## BACKGROUND

On December 19, 1978, in Orange County Superior Court case no. C40243, a jury convicted petitioner John B. Tidwell, aka John Benjamin Tidwell, of one count of first degree murder in violation of California Penal Code ("P.C.") § 187, and the jury found petitioner personally used a firearm in the commission of the offense within the meaning of P.C. §§ 969d and 12022.5.[3] The petitioner was sentenced under California's former Indeterminate Sentencing Law to life in state prison.

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey,* 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar,* 273 F.3d at 1223; *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied,* 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, petitioner signed his habeas corpus petition on February 5, 2009, and the Court treats that as the date petitioner gave the document to prison authorities for mailing to the district court. *See Dils v. Small,* 260 F.3d 984, 986 (9th Cir.2001) ("[A] pro se petitioner ... is entitled to have the mailing date treated as the date of filing.").

2. The Board of Parole Hearings replaced the Board of Prison Terms, which was abolished effective July 1, 2005. P.C. § 5075(a).

3. These and other facts are taken from a previous habeas corpus petition filed by petitioner, *Tidwell v. Marshall,* case no. SACV 06–0575–AG (RC), which challenged the Board's 2004 decision to deny petitioner parole for two years.

The petitioner's minimum eligible parole date was May 12, 1985, and he has had eight parole suitability hearings since then. On January 9, 2007, the Board held its ninth parole suitability hearing for petitioner, and the Board denied petitioner parole for two years, effective May 9, 2007. Lodgment no. 1.

On July 28, 2007, petitioner, proceeding pro se, filed a habeas corpus petition in the Orange County Superior Court challenging the 2007 parole denial, and on August 29, 2007, the Superior Court denied the petition. Lodgment nos. 2–3. On November 7, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal challenging the 2007 parole denial, and on December 20, 2007, the Court of Appeal denied the petition. Lodgment nos. 4–5. Finally, on January 17, 2008, petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on July 23, 2008. Lodgment nos. 6–7.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," *Bryant v. Arizona Attorney Gen.,* 499 F.3d 1056, 1059 (9th Cir.2007), as follows:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> &ast; &ast; &ast;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

 The AEDPA's statute of limitations applies to challenges to the revocation of parole and the denial of parole. *Redd v. McGrath,* 343 F.3d 1077, 1079 (9th Cir.2003); *Brown v. Barrow,* 512 F.3d 1304, 1307 & n. 1 (11th Cir.2008) (per curiam); *Cook v. New York State Div. of Parole,* 321 F.3d 274, 280 (2d Cir.2003); *Wade v. Robinson,* 327 F.3d 328, 331–32 (4th Cir.), *cert. denied,* 540 U.S. 912, 124 S.Ct. 292, 157 L.Ed.2d 202 (2003); *see also Shelby v. Bartlett,* 391 F.3d 1061, 1065 (9th Cir.2004) ("[Section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." (citation omitted)). "[F]or prisoners challenging administrative decisions such as the denial of parole ..., AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final." *Redd,* 343 F.3d at 1084 (citations omitted); *Shelby,* 391 F.3d at 1066; *Solorio v. Hartley,* 591 F.Supp.2d 1127, 1130 (C.D.Cal.2008).

 Respondent, however, claims that under Section 2244(d)(1)(D), AEDPA's statute of limitations began to run on January 9, 2007, the date of petitioner's parole hearing. That is not so. While petitioner was certainly aware of the Board's decision at his hearing on January 9, 2007, the Board's decision did not become final under California law until 120 days after the

hearing—on May 9, 2007. *See* 15 C.C.R. § 2041(a) ("Board decisions ... are proposed decisions and shall be reviewed prior to their effective date ...."), § 2041(h) ("Proposed decisions made at hearings for prisoners serving a sentence of life with the possibility of parole may be reviewed...."), § 2043 ("Any proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress Hearings, shall become final no later than 120 days after the hearing at which the proposed decision was made."). Thus, for petitioner, the statute of limitations began to run on May 10, 2007, the day after the Board's decision became final, and ended on May 9, 2008. *Solorio*, 591 F.Supp.2d at 1130; *see also Nelson v. Clark*, 2008 WL 2509509, *4 (E.D.Cal.) ("The factual basis of Petitioner's claim should have been readily discovered at the conclusion of his last parole hearing on September 2, 2005. Because that decision was merely a proposed decision, it did not become final until 120 days thereafter on December 31, 2005. [¶] Based on these facts, the statute of limitations began to run the following day on January 1, 2006[.]" (citations omitted)), *adopted by*, 2008 WL 3200828 (E.D.Cal.). Since the instant action was not filed until February 5, 2009, after the statute of limitations had run, it is not timely.

■ Nevertheless, this Court must consider whether the statute of limitations was either statutorily tolled or equitably tolled. Generally, "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge[,]" *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999) (footnotes omitted), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000), so long as the petitioner did not unreasonably delay in seeking collateral relief. *Carey v. Saffold*, 536 U.S. 214, 225, 122 S.Ct. 2134, 2141, 153 L.Ed.2d 260 (2002). Here, petitioner filed his first state habeas corpus petition in the Orange County Superior Court on July 28, 2007, and it was denied on August 29, 2007; thus, the limitations period was statutorily tolled for 33 days while the petition was pending in the Superior Court. At the time petitioner filed his habeas corpus petition in the Superior Court, he had "used" 80 days of his allotted 365 days, and had 285 days left on the limitations period in which to file a federal habeas petition. *Nino*, 183 F.3d at 1006.

"Typically, a California petitioner brings a petition for a writ of habeas corpus in the state's Superior Court. If it is denied, the petitioner will assert claims, most commonly the same ones, in a new petition in the California Court of Appeal. If the Court of Appeal denies the petition, he will assert claims in yet another new petition in, or petition for review by, the California Supreme Court." *Biggs v. Duncan*, 339 F.3d 1045, 1046 (9th Cir.2003). Rather than promptly seeking habeas corpus relief from the California Court of Appeal, however, petitioner waited 70 days, or until November 7, 2007, to file a habeas corpus petition in the California Court of Appeal, and respondent claims petitioner is not entitled to "gap tolling" for this 70–day period. *See Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 852, 163 L.Ed.2d 684 (2006) (This Court "must decide whether the filing of [petitioner's] request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.' ").

Since this 70–day period does not affect the timeliness of the pending petition, the Court will assume arguendo petitioner is not entitled to "gap" tolling for this period. As noted above, when petitioner filed his habeas corpus petition in the Superior Court, he had 285 days left on the limitations period. Subtracting the 70 days the

statute of limitations ran between the Superior Court's denial of petitioner's habeas corpus petition and the filing by petitioner of a habeas corpus petition in the California Court of Appeal, petitioner had 215 days left on the limitations period at the time he filed his habeas corpus petition in the Court of Appeal. The statute of limitations was again statutorily tolled while petitioner's habeas corpus petitions were pending in the California Court of Appeal and California Supreme Court. Thus, when the California Supreme Court denied petitioner's habeas corpus petition on July 23, 2008, petitioner had 215 days left, or until February 23, 2009, in which to file his federal petition. Since the pending petition was filed on February 5, 2009, it is timely.

### ORDER

Respondent's motion to dismiss **IS DE-NIED,** and respondent shall file an answer addressing the merits of the habeas petition, no later than thirty (30) days from the date of this Order. The petitioner may file his reply, no later than sixty (60) days after receipt of respondent's answer.